# 25-1667-CV

## United States Court of Appeals
### for the
## Second Circuit

SUSAN ROSENTHAL

*Plaintiff – Appellant,*

*-v.-*

ROOSEVELT ISLAND OPERATING CORPORATION, JOSEPH RABITO, KUMIKI GIBSON, AND SIMONIDA SUBOTIC,

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-APPELLANT

Steven G. Storch, Esq
STORCH BYRNE LLP
437 Madison Ave, 24th Floor
New York, NY 10022
212-931-1005
sstorch@storchbyrnelegal.com
*Attorneys for Plaintiff - Appellant*
*Susan Rosenthal*

**Table of Contents**

| | Page |
|---|---|
| Table of Authorities……………………………………………………………… | iii |
| JURISDICTIONAL STATEMENT…………………………………………… | 1 |
| STATEMENT OF THE ISSUE PRESENTED FOR REVIEW……………… | 1 |
| STATEMENT OF THE CASE……………………………………………….. | 2 |
|     The Parties…………………………………………………………… | 2 |
|     Rosenthal was Fired and Falsely Branded as a Racist……….……... | 3 |
|     Rosenthal has been Denied the Chance to Prove the Accusations False. | 4 |
|     The District Court Acknowledged Rosenthal's Argument that the Section 1983 Claim Could Not Have Been Brought in the Article 78 Proceeding, But Then Did Not Address It ………………………………………….. | 10 |
| SUMMARY OF THE ARGUMENT…………………………………………. | 12 |
| **Argument**………………………………………………………………….. | 15 |
| I.    **THE STANDARD OF REVIEW IS *DE NOVO***…………………….. | 15 |
| II.    **THE DISTRICT COURT ERRED IN HOLDING THAT *RES JUDICATA* OPERATES TO PRECLUDE A CLAIM THAT COULD NOT HAVE BEEN ASSERTED IN THE PRIOR PROCEEDING**…………………………………………….. | 15 |
|     A.    **ROSENTHAL WAS NOT DENIED DUE PROCESS UNTIL HER ARTICLE 78 PROCEEDING WAS DISMISSED WITHOUT GIVING HER THE CHANCE TO CLEAR HER NAME**…………………………………………….. | 16 |
|         1.  The Legal Basis for Rosenthal's Due Process Claim Under 42 U.S.C. § 1983……………………………………….. | 16 |
|         2.  Rosenthal was Not Permitted to Clear Her Name in the Article 78 Proceeding………………………….……….. | 18 |

3. Rosenthal's Due Process Claim was Not Ripe During the Pendency of her Article 78 Proceeding…………………………  25

**B.    The Article 78 Proceeding was a "Pure" Proceeding in Which Section 1983 Claims Were Not Cognizable**……………………  26

**Conclusion**…………………………………………………………………  27

Certificate of Compliance……………………………………………………  29

# Table of Authorities

**Page(s)**

**CASES**

**Federal Cases**

*Acorn Ponds v. Vill. of N. Hills,*
  623 F. Supp. 688 (EDNY 1985)……………………………………………… 22, 24

*Anemone v. Metro. Transp. Auth.,*
  629 F.3d 97 (2d Cir. 2011)……………………………………………... 11, 19, 22

*Armstrong v. Manzo,*
  380 U.S. 545, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)……………………. 18

*Bligh v. Town of Bloomfield,*
  33 F. App'x 573 (2d Cir. 2002)……………………………………….. 22

*Board of Regents v. Roth,*
  408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)……………………. 16

*Campo v. New York City Emps.' Ret. Sys.,*
  843 F.2d 96 (2d Cir. 1988)……………………………………………... 19

*Camarano v. Irvin,*
  98 F.3d 44 (2d Cir. 1996)……………………………………………. 9

*Carey v. Piphus,*
  435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)…………………….. 13

*Catania v. United Fed'n of Tchrs.,*
  No. 1:21-cv-1257(GHW), 2025 U.S. Dist. LEXIS 35709,
  (SDNY Feb. 27, 2025)……………………………………………16, 17, 19, 25

*Cole-Hatchard v. Hoehmann,*
  No. 16-CV-5900 (VB), 2017 U.S. Dist. LEXIS 151036
  (SDNY Sept. 15, 2017)…………………………………………………. 18

iii

*Davidson v. Capuano,*
792 F.2d 275 (2d Cir. 1986)…………………………………….............. 27

*Dean v. Town of Hempstead,*
527 F. Supp. 3d 347 (EDNY 2021)……………………….................... 16, 25

*Donato v. Plainview-Old Bethpage Cent. Sch. Dist.,*
96 F.3d 623 (2d Cir. 1996)…………………………………................... 12, 20

*Jacobson v. Fireman's Fund Ins. Co.,*
111 F.3d 261 (2d Cir. 1997)…………………………………………….. 15

*Koncelik v. Town of E. Hampton,*
781 F. Supp. 152 (EDNY 1991)………………………………………… 13, 22

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.,*
140 S. Ct. 1589, 140 S. Ct. 1589, 206 L.Ed.2d 893 (2020)…………………….. 15

*Meyer v. Nebraska,*
262 U.S. 390, 43 S. Ct. 625, 67 L. Ed. 1042 (1923)………………………….. 17

*New York v. Mountain Tobacco Co.,*
942 F.3d 536 (2d Cir. 2019)…………………………………………….. 15

*O'Donnell v. Barry*,
148 F.3d 1126 (D.C. Cir. 1998)………………………………………… 21

*Paul v. Davis,*
424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)……………………... 16

*Patterson v. City of Utica,*
370 F.3d 322 (2d Cir. 2004)…………………………………………… 13, 17, 20

*Patterson v. Coughlin,*
761 F.2d 886 (2d Cir. 1985)……………………………………............. 18

*Perez v. Garland,*
No. 20-2222-ag, 2022 U.S. App. LEXIS 31015, 2022 WL 16826725
(2d Cir. Nov. 9, 2022)………………………………………………… 9

*Quinn v. Syracuse Model Neighborhood Corp.,*
   613 F.2d 438 (2d Cir. 1980)……………………………………............17, 18

*Rosenthal v. Roosevelt Island Operating Corp.,*
   2025 U.S. Dist. LEXIS 101221, 2025 WL 1518240 (SDNY May 28, 2025)…. 2

*Segal v. City of N.Y.,*
   459 F.3d 207 (2d Cir. 2006)……………………………………………… 18

*Sharp v. Inc. Vill. of Farmingdale,*
   No. 16-CV-2994, 2018 U.S. Dist. LEXIS 158091 (EDNY Sept. 14, 2018)….. 24

*Spang v. Katonah-Lewisboro Union Free Sch. Dist.,*
   626 F. Supp. 2d 389 (SDNY 2009)………………………………………… 19

*TechnoMarine S.A. v. Giftports, Inc.,*
   758 F.3d 493 (2d Cir. 2014)………………………………………... 15, 16

*Thompson v. City of N.Y.,*
   No. 24-1051-cv, 2024 U.S. App. LEXIS 27249, 2024 WL 4586530
   (2d Cir. Oct. 28, 2024)………………………………………………. 15

*Valmonte v. Bane,*
   18 F.3d 992 (2d Cir. 1994)………………………………………………... 20

*Whitfield v. City of N.Y.,*
   96 F.4th 504 (2d Cir. 2024)……………………………………………… 15, 27

*Wisconsin v. Constantineau,*
   400 U.S. 433, 91 S. Ct. 507, 27 L. Ed. 2d 515 (1971)…………………………… 17

**State Cases**

*Landau, P.C. v. LaRossa, Mitchell & Ross,*
   11 N.Y.3d 8, 862 N.Y.S.2d 316, 892 N.E.2d 380 (2008)……………………….. 9

*Matter of Reilly v. Reid,*
   45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978)……………………... 9

*Rosenthal v. Roosevelt Island Operating Corp.*,
   No. 158795/2020, 2021 N.Y. Misc. LEXIS 47364
   (Sup. Ct. N.Y. Co. July 6, 2021), *aff'd*, 209 A.D.3d 598, 177 N.Y.S.3d 549
   (1st Dep't 2022) ……………………………………………………… 6, 7

*Rosenthal v. Roosevelt Island Operating Corp.*,
   No. 154096/2021, 2022 N.Y. Misc. LEXIS 36605
   (Sup. Ct. N.Y. Co. July 26, 2022), *aff'd*, 221 A.D.3d 551, 200 N.Y.S.3d 341
   (1st Dep't 2023)…………………………………………………… 8, 9

*Simmons v. Trans Express Inc.*,
   37 N.Y.3d 107, 148 NYS.3d 108, 170 N.E.3d 733 (2021)…………………… 15

*Wilcox v. Newark Valley Cent. Sch. Dist.,*
   74 A.D.3d 1558, 904 N.Y.S.2d 523 (3d Dep't 2010)………………………….. 21

## STATUTES

28 U.S.C. § 1291……………………………………………………………… 1

28 U.S.C. § 1331……………………………………………………………… 1

42 U.S.C. § 1983……………………………………………….. 1, 8, 12, 16

42 U.S.C. § 2000e..…………………………………………………………. 8

NY Pub. Authorities Law § 2799-aaaa……………………………………… 3

## RULES

CPLR § 408……………………………………………………………….. 5

CPLR §7804(a)………………………………………………………………. 5

Fed. R. Civ. P. 12(b)(6)…………………………………………………... 2, 15

**JURISDICTIONAL STATEMENT**

(A) Subject matter jurisdiction in the District Court is predicated on the federal question (28 U.S.C. § 1331) inasmuch as Plaintiff-Appellant's sole claim is brought under 42 U.S.C. § 1983.  [A-9.]

(B) This Court has jurisdiction because this is an appeal from a final judgment of the United States District Court for the Southern District of New York.  28 U.S.C. § 1291. [A-162.]

(C) The judgement dismissing the action below was entered on May 29, 2025 [A-161], in accordance with a Memorandum Opinion and Order dated May 28, 2025 [A-150].  Plaintiff-Appellant's Notice of Appeal was filed with the District Court and served via ECF on June 25, 2025 (filing corrected July 3, 2025).  [A-162].

(D) This appeal is from a final judgment that disposes of all parties' claims.

**STATEMENT OF THE ISSUE PRESENTED FOR REVIEW**

Whether the District Court properly held that a Fourteenth Amendment "stigma-plus" Due Process claim brought under 42 U.S.C. § 1983 was barred by *res judicata* as a result of the dismissal of a prior state court Article 78 proceeding in which Plaintiff-Appellant did not learn the precise nature of the accusations of racism that were reported in the *New York Post* as being the reason for her

1

termination as president of a public benefit corporation, and she was not given an opportunity to disprove those false accusations.

## STATEMENT OF THE CASE

Plaintiff's one-count complaint [A-9] alleged a deprivation of liberty without due process under 42 U.S.C § 1983 by reason of Defendants terminating her employment, telling the *New York Post* that it was because she made racist remarks, and never giving her the opportunity to learn the accusations leveled against her or a chance to rebut them. This is an appeal from a final judgment of the United States District Court for the Southern District of New York (Dale E. Ho, USDJ) [A-161] implementing a Memorandum Decision and Order which granted Defendants-Appellees' motions to dismiss her complaint pursuant to Fed. R. Civ. P 12(b)(6) on the basis of *res judicata*. [A-150, reported at *Rosenthal v. Roosevelt Island Operating Corp.*, 2025 U.S. Dist. LEXIS 101221, 2025 WL 1518240 (S.D.N.Y. May 28, 2025).]

### The Parties

Plaintiff-Appellant Susan G. Rosenthal ("Rosenthal") is an attorney who, after a successful career in the private sector, turned to government service. After almost three years as General Counsel of New York State Department of Agriculture & Markets, she was appointed General Counsel of Roosevelt Island Operating

Corporation ("RIOC") in June 2015, and she became RIOC's President and CEO in October 2016. [A-10 ¶ 3.]

Defendant-Appellee RIOC is a "body corporate and politic constituting a public benefit corporation and a political subdivision of New York State." (NY Public Authorities Law § 2799-aaaa.) RIOC is the entity which governs Roosevelt Island.  [A-10 ¶ 4.]

Defendants-Appellees Joseph Rabito, Kumiki Gibson and Simonida Subotic (collectively, the "Individual Defendants") were, at all relevant times, the Executive Secretary to the Governor of New York State, the Governor's Counsel, and New York's Deputy Secretary for Economic Development, respectively. [A-10 ¶¶ 5-7.]

### Rosenthal was Fired and Falsely Branded as a Racist

On Juneteenth (*i.e.*, June 19), 2020, the three Individual Defendants together telephoned Rosenthal and told her that she had been fired as RIOC's President and CEO and instructed her not to return to her office.[1]  [A-15 ¶ 24.]  No explanation was given to Rosenthal. [A-84 ¶ 39.]  However, that same day, the *New York Post* ran an article carrying the headline: "Roosevelt Island Operating Corp. head fired

---

[1]  The Individual Defendants made the decision to fire Rosenthal on June 17 and never explained why they waited two days, until Juneteenth, to tell her and the *New York Post*. [A-13 ¶ 17.]

over 'racially and sexually offensive' remarks," reporting a statement from "Cuomo senior advisor Richard Azzopardi" as follows:

> A complaint was made to the Governor's office on June 12th by an employee of the Roosevelt Island Operating Corporation that alleged that the President of the organization had used inappropriate language and engaged in inappropriate conduct in the workplace...This complaint was immediately referred to the New York State Governor's Office of Employee Relations for investigation...This investigation substantiated that the president had used racially and sexually offensive language, in clear violation of state policy and the strict standards set by this Administration...The president was immediately terminated.

[A-123.]

### Rosenthal has been Denied the Chance to Prove the Accusations False

Susan Rosenthal is not a racist. On or about October 20, 2020, she filed her Article 78 Verified Petition against Defendants-Appellees and others, seeking reinstatement and addressing every one of the accusations of the complaining employee that had prompted the investigation. [A-72.] In response, the respondents in that proceeding (who included the Defendants-Appellees in this case) admitted that the investigation had found the employee's accusations to be "either not supported by credible evidence or were not sufficiently offensive to warrant discipline," but they asserted that the investigation, of only a few days, had uncovered "sufficient credible evidence that Petitioner had engaged in other conduct" that supposedly justified her termination. [A-129 ¶ 7.] That supposed

4

"credible evidence" was described vaguely in an affidavit submitted by the investigator, Georgianna Martin [A-66], and supposedly included an audio recording that Rosenthal was never permitted to hear. [A-69 ¶ 7.] To this day, Ms. Martin's affidavit is the only description of the supposed evidence against her that Rosenthal has ever received.[2]

Because it was an Article 78 proceeding, Rosenthal needed the court's permission to obtain discovery. (CPLR §§ 408, 7804(a).). Rosenthal made such application, seeking, among other things, the supposed audio recordings and "[n]otes of any interviews with persons complaining about Petitioner." The Individual Defendants were among the Respondents that opposed such discovery on the basis that it "was not material and necessary to the prosecution or defense" of any issue in the proceeding. [A-139.] They asserted that "there is no evidence that any Respondent ever had possession of any recordings or investigator's notes. Accordingly, any such recordings or investigatory notes are neither material nor necessary to a determination of the issue in this proceeding – *i.e.*, whether the reliance of officials in the Governor's Office on the reported findings of a

---

[2] No explanation has ever been given for why Ms. Martin's "investigation" was so abbreviated and hurriedly conducted by telephone over just three days and in violation of the State's written standards for such investigations: no written report was apparently issued, the supposed evidence was not preserved, and confidentiality was not maintained. [A-118 ¶ 23; A-70 ¶¶ 9-12; A-130 ¶¶ 10, 11.]

professionally conducted investigation by an experienced investigative agency was affected by an error of law or was arbitrary and capricious." [A-141.]

The Article 78 court initially ordered discovery (which order Defendants ignored). *Petitioner v. Roosevelt Island Operating Corp. (In re Rosenthal)*, No. 158795/2020, 2021 N.Y. Misc. LEXIS 45818 (Sup. Ct. NY Co. May 13, 2021). However, the court ultimately accepted Defendants' characterization of the issue before the court as being only whether Defendants acted arbitrarily and capriciously, and as not implicating the truth of the accusations made against Rosenthal. Thus, the Article 78 court dismissed Rosenthal's Petition without affording Rosenthal discovery as to the accusations made against her or a hearing in which she could clear her name, but while expressly noting that the court was making no determination as to the truth of the accusations and expected Rosenthal to receive discovery and a hearing in the context of a plenary action she had commenced alleging unlawful discrimination:

> Respondents' determination to terminate petitioner clearly was not irrational, as several people claim that she made remarks that were not only inappropriate but also that would be grounds, pursuant to various rules and regulations, to terminate her.
>
> Of course, the people to whom petitioner allegedly said these insensitive, actionable remarks could be lying; but the appropriate forum to determine that would be a trial in a plenary action. Both sides here are entitled to discover documents and depose witnesses and to a full trial on the merits before an impartial finder of fact to determine what

6

> actually motivated respondents to terminate petitioner. Indeed, petitioner apparently has already commenced such an action, claiming that respondents violated her federal civil rights. The instant dispute belongs there, not here.

*Rosenthal v. Roosevelt Island Operating Corp.*, No. 158795/2020, 2021 N.Y. Misc. LEXIS 47364, at * 3-4 (Sup. Ct. NY Co. July 6, 2021) (emphasis added) [A-147].

Rosenthal moved for reargument on the basis that Defendants had not complied with the court's discovery order and, in particular, had not produced the audio recording on which the investigator had claimed to rely. Defendants opposed, and the Article 78 court vacated the discovery order "[w]ithout prejudice to petitioner seeking [discovery] in the appropriate forum, that is, the ongoing plenary action arising out of this-unfortunate dispute," and reiterating that it expected Rosenthal to receive full discovery as to the accusations against her in the plenary action:

> The essential difference between a CPLR Article 78 proceeding for administrative review and a plenary action is as follows: the former is meant to be quick; disclosure is rare; and the court's inquiry ends if it finds a rational basis for the challenged action, which it has. The latter can take years, allows for ample disclosure, and is decided by a trier of fact. The instant proceeding is futile, although an action may not be (and one is currently pending before another Justice).

[A-91.] The dismissal of the Article 78 proceeding was affirmed on appeal. *Matter of Rosenthal v. Roosevelt Is. Operating Corp.*, 209 A.D.3d 598, 177 N.Y.S.3d 549 (1st Dept. 2022).

7

The Article 78 court's reference to a proceeding "currently pending before another Justice" was a reference to the plenary action then pending before Justice Hagler which Rosenthal commenced in Supreme Court six months after filing her Article 78 petition, *Rosenthal v. Roosevelt Island Operating Corp.*, No. 154096-2021 (Sup. Ct. NY Co.) [A-35].

Because Rosenthal's Article 78 proceeding was a "pure" proceeding seeking only to disprove the accusations of racism for which she had been fired and asking for her job back [A-89], she asserted her six claims for damages in that separate action against the respondents named in the Article 78 proceeding (including Defendants-Respondents herein) and also against New York State, alleging discriminatory termination under Title VII and the New York State and City Human Rights laws (First, Second and Third Claims); defamation (Fourth Claim); a stigma-plus claim under 42 U.S.C. § 1983 (Fifth Claim); and a claim under the New York Labor Law (Sixth Claim). [A-37.]

Defendants then moved to dismiss Rosenthal's plenary action, and the Supreme Court granted the motion in part on the basis of collateral estoppel, holding that the Rosenthal's discrimination claims were precluded by the dismissal of the Article 78 proceeding. *Rosenthal v. Roosevelt Island Operating Corp.*, No. 154096-2021, 2022 N.Y. Misc. LEXIS 36605 (Sup. Ct. NY Co. July 26, 2022) [A-148.] Importantly, only the discrimination claims (the First through Third Claims) were

8

dismissed on the basis of collateral estoppel and thus on the merits. The other three claims – including the Section 1983 stigma-plus claim – were expressly dismissed without prejudice. *2022 N.Y. Misc*. LEXIS 36605, at *1-2. [A-148-49.] The Appellate Division affirmed. *Rosenthal v. Roosevelt Is. Operating Corp.*, 221 A.D.3d 551, 200 N.Y.S.3d 341 (1st Dept. 2023). [A-95.][3]

The claims that were dismissed without prejudice from the plenary action were reasserted below in the District Court (the Section 1983 claim now at issue), and against New York State in the New York Court of Claims in Albany, *Rosenthal v. New York*, Claim 138726 (Hon. Zainab A. Chaudhry).[4] The Court of Claims

---

[3] The District Court erroneously stated that the entirety of the plenary action, including the Section 1983 claim, had been dismissed on the merits. [A-155-56, A-160.] That was not the case. The decision in the plenary action [A-148] is absolutely clear that the non-discrimination claims were explicitly dismissed <u>without prejudice</u>. [A-148-49.] "'It is well established that a dismissal without prejudice has no *res judicata* effect on a subsequent claim.'" *Perez v. Garland*, No. 20-2222-ag, 2022 U.S. App. LEXIS 31015, at *7 (2d Cir. Nov. 9, 2022), quoting *Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996). The New York Court of Appeals has likewise held that a dismissal without prejudice cannot give rise to *res judicata* because it is not a decision on the merits, and it reiterated its warning, applicable here, that "[i]n properly seeking to deny a litigant 'two days in court', courts must be careful not to deprive him of one." *Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 14, 862 N.Y.S.2d 316, 320, 892 N.E.2d 380, 384, quoting *Matter of Reilly v Reid,* 45 N.Y.2d 24, 28, 407 NYS2d 645, 379 N.E.2d 172 (1978).

[4] The individual RIOC Directors who were originally named as Respondents in the Article 78 proceeding and as Defendants in the plenary action were not named again in the Court of Claims and District Court cases.

9

dismissed Rosenthal's Claims by Decision and Order dated February 28, 2025, entered March 27, 2025, which is currently on appeal.

**The District Court Acknowledged Rosenthal's Argument that the Section 1983 Claim Could Not Have Been Brought in the Article 78 Proceeding, But Then Did Not Address It**

The District Court below dismissed the Section 1983 claim on the basis of *res judicata*, holding that the two state court proceedings rendered final judgments on the merits [A- 155-56] (which was incorrect with respect to the Section 1983 claim that was expressly dismissed "without prejudice" in the plenary action),[5] and, "because Rosenthal's due process claim arises from the same transaction as her claims in state court, it is barred." [A-157.]

The District Court seemingly did not understand that Rosenthal's claim was not that she failed to receive due process in the Article 78 proceeding itself; rather her claim is that because the Article 78 process did not afford her a meaningful opportunity to clear her name, it did not cure the deprivation of liberty that occurred when she was terminated by Defendants-Appellees and publicly branded a racist without due process.

---

[5] Although the District Court seemingly grounded its *res judicata* holding on both the Article 78 proceeding and the plenary action, we discuss primarily the Article 78 proceeding herein because the Section 1983 claim was dismissed without prejudice in the plenary action and, thus, *res judicata* cannot arise from its dismissal there. *See* p. 9 n.3, *supra*.

The District Court held:

> Nevertheless, Rosenthal argues that her due process claim in this case is different. She contends that her due process claim arose only after "Defendants succeeded in getting [the state court] actions dismissed before they could serve their name-clearing function." Pl.'s Mem. of L. in Opp'n to Defs.' Mot. to Dismiss ("Pl. Opp.") at 21, ECF No. 40. In essence, Rosenthal argues that she was deprived of due process by the dismissal of her state court actions (and her inability to take discovery in them), and that her due process claim in this case did not arise until those dismissals were ordered. Thus, she reasons, her due process claim could not have been raised in those proceedings, and res judicata therefore does not apply here. *See id.* at 12-13 (arguing that res judicata does not apply because "Defendants have strenuously resisted all of Rosenthal's attempts to clear her name and continue to do so"); *id.* at 21-22 ("[T]he claim here is that Defendants actively rendered the Article 78 proceeding inadequate for clearing Rosenthal's name.").
>
> The Court, however, is unaware of any authority for the proposition that a party's success in an earlier proceeding is, by itself, a basis to deny that proceeding preclusive effect. In fact, it is precisely *because* a party prevailed in an earlier proceeding that it can raise the defense of res judicata in a later one. And it cannot be the case that a party's "resisting"—in other words, defending against—a plaintiff's claim amounts to a denial of due process. Rosenthal sought relief through Article 78, and Defendants opposed that relief, but that does not mean that she was denied adequate post-deprivation process through that proceeding. *See Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 120 (2d Cir. 2011) ("An article 78 proceeding provides the requisite post-deprivation process . . . .").

[A-157-58.]

## SUMMARY OF THE ARGUMENT

The District Court held that *res judicata* precluded Rosenthal's Fourteenth Amendment Due Process claim under 42 U.S.C. § 1983 in that, "because Rosenthal's due process claim arises from the same transaction as her claims in state court, it is barred." [A-157.] That application of *res judicata* was incomplete and thus not correct. First, this Court has recognized that a due process claim cannot be asserted in a "pure" Article 78 proceeding – as was Rosenthal's proceeding – and, therefore, that *res judicata* does not preclude a subsequent Section 1983 claim based on the same facts and circumstances at issue in the prior Article 78 proceeding. That, alone, is dispositive and warrants reversal.[6]

The second reason the Section 1983 claim could not have been asserted in the Article 78 proceeding is that it would have been premature. The courts have consistently held that, for an at-will employee like Rosenthal who is subject to a "stigma-plus" (in this case termination of employment plus publication or potential publication of stigmatizing falsehoods) and who did not receive a pre-deprivation hearing, a post-termination hearing, in which the stigmatized employee can confront and refute the accusations, is necessary to satisfy due process.[7] In New York, the

---

[6] *See* pp. 26-27, *infra*.

[7] A post-deprivation hearing is enough at least in the more typical scenario where the employee who clears his name will have the false accusations cleared from his personnel file and, thus, not publicized to prospective employers. *E.g.*, *Donato v.*

12

expectation is that the employee will be able to confront and refute the accusations in an Article 78 proceeding and thus, as the District Court recognized, an Article 78 proceeding will normally provide the requisite post-deprivation process. Consequently, Rosenthal could hardly assert in the Article 78 proceeding that she was denied the post-deprivation process due when she had every reason to understand – as did the Article 78 court until the dismissal – that she was in the process of receiving her name-clearing hearing in that very same proceeding. Any complaint that she had been denied due process would have been premature before the Article 78 proceeding was dismissed without according her a hearing.[8]

Importantly, the claim is not that Rosenthal did not receive due process in the Article 78 proceeding itself -- this is not a collateral attack on that judgment -- it is

---

*Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 633 (2d Cir. 1996) ("when and if the allegations are shown to be false, their removal from the employee's file restores her freedom to seek future employment.") While not material for purposes of the present appeal, it is Rosenthal's position that due process is not satisfied by just a post-deprivation name-clearing hearing without additional relief when, as here, the employee's reputation was intentionally, falsely and gratuitously smeared in the *New York Post*. "Since the process afforded the plaintiff was not adequate to remedy the deprivation of his liberty interest, he is entitled to nominal damages based on the deprivation itself, *see Carey v. Piphus*, 435 U.S. 247, 266, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978), and may, in addition, be entitled to collect compensatory damages, if he can prove that he suffered actual injury as a result of the denial of due process. Id. at 264." *Patterson v. City of Utica,* 370 F.3d 322, 337 (2d Cir. 2004). *See also Koncelik v. E. Hampton*, 781 F. Supp. 152, 158 (E.D.N.Y. 1991) (noting that post-deprivation remedies satisfy due process only where the deprivation was "random and unauthorized.")

[8]  *See* pp. 16-26, *infra*.

13

just that the process sufficient for the Article 78 proceeding was not enough to cure the deprivation of liberty that occurred when the Defendants-Appellants imposed the stigma-plus without due process. Thus, the District Court misunderstood the claim when it observed that "it cannot be the case that a party's 'resisting' — in other words, defending against — a plaintiff's claim amounts to a denial of due process." [A-158.] The denial of due process resulted from the failure to provide Rosenthal with either a pre- or post-deprivation opportunity to dispute the published accusations of racism; the respondents' successful defense of the Article 78 proceeding did not itself deny Rosenthal due process, it simply meant that the proceeding did not provide the sort of post-deprivation hearing that could have cured the violation of due process that had already resulted from the stigma-plus.[9]

---

[9] Likewise, the District Court got it wrong when it held that held that "Rosenthal sought relief through Article 78, and Defendants opposed that relief, but that does not mean that she was denied adequate post-deprivation process through that proceeding." [A-158.] It does mean exactly that: as discussed below, adequate post-deprivation process with respect to a stigma-plus requires a chance to confront and rebut the stigmatizing accusations. Rosenthal was entitled to the opportunity to show that she is not a racist. She did not have that opportunity in the Article 78 proceeding, and the Article 78 judge expressly made no determination as to whether the accusations had merit. [A-147.]

14

**Argument**

## I. THE STANDARD OF REVIEW IS *DE NOVO*

This is an appeal from a (i) Fed. R. Civ. P. 12(b)(6) dismissal of Plaintiff's Complaint (ii) on the basis of *res judicata*, both matters which this Court reviews *de novo.* *Thompson v. City of N.Y.,* No. 24-1051-cv, 2024 U.S. App. LEXIS 27249, at *3 (2d Cir. Oct. 28, 2024), citing *TechnoMarine S.A. v. Giftports, Inc.,* 758 F.3d 493, 498 (2d Cir. 2014)*. See also Whitfield v. City of New York,* 96 F.4th 504, 518 (2d Cir. 2024).

## II. THE DISTRICT COURT ERRED IN HOLDING THAT *RES JUDICATA* OPERATES TO PRECLUDE A CLAIM THAT COULD NOT HAVE BEEN ASSERTED IN THE PRIOR PROCEEDING

The District Court recognized that, under New York law, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." [A-155, citing *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021) and *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019).] But the court neglected the necessary corollary that the principle applies only to "issues that were or could have been raised in that [prior] action." *Mountain Tobacco*, 942 F.3d at 543, quoting *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997) (internal quotation marks omitted). *See also Lucky Brand Dungarees, Inc. v Marcel Fashions Group, Inc.*, 590 U.S. 405, 412, 140 S. Ct. 1589,

15

1594, 206 L.Ed.2d 893 (2020); *TechnoMarine SA v. Giftports, Inc*., 758 F.3d 493, 499 (2d Cir. 2014*); Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 418 (E.D.N.Y. 2021).

It was error to have dismissed the Section 1983 claim on *res judicata* grounds based on the Article 78 proceeding, because the claim could not have been asserted in that proceeding. The claim would have been both premature and outside the scope of the "pure" (*i.e*., non-hybrid) Article 78 proceeding.

## A. ROSENTHAL WAS NOT DENIED DUE PROCESS UNTIL HER ARTICLE 78 PROCEEDING WAS DISMISSED WITHOUT GIVING HER THE CHANCE TO CLEAR HER NAME

### 1. The Legal Basis for Rosenthal's Due Process Claim Under 42 U.S.C. § 1983

An at-will government employee's liberty interests are implicated where, in terminating the employee, the government "make[s] any charge against him that might seriously damage his standing and associations in the community" or "impose[s] on him a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S. Ct. 2701, 33 L.Ed.2d 548 (1972). *See also Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L.Ed.2d 405 (1976). Here, that is exactly what Defendants-Respondents did: they fired Rosenthal and told the *New York Post* that it was because she was a racist. [A-123.] *See, e.g*., *Catania v. United Fed'n of Tchrs*., No. 1:21-cv-1257-GHW, 2025 U.S. Dist. LEXIS 35709, at *32 (S.D.N.Y. Feb. 27, 2025)

16

("Defendants do not dispute that Plaintiff's good name and reputation were called into question by statements portraying Plaintiff as a racist.")

This impairment of a liberty interest has come to be known as a "Stigma Plus," where the "stigma" here is the publication of false accusations, and the "plus" is the termination of government employment. *E.g., Patterson v. City of Utica*, 370 F.3d 322, 336 (2d Cir. 2004); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 446 (2d Cir. 1980); *Catania*, 2025 U.S. Dist. LEXIS 35709, at *31.

Under the Fourteenth Amendment of the United States Constitution, any impairment of liberty by the State, whether through imposition of a stigma-plus or otherwise, must be accompanied by due process. With respect to stigma-plus, "[i]t is well-settled that an individual's liberty can be implicated when a governmentally imposed stigma restricts his ability to seek and obtain employment. This 'broad and majestic' principle, *Roth, supra*, 408 U.S. at 571, 92 S. Ct. 2701, embraces interference with 'the right of the individual to contract, to engage in any of the common occupations of life.' *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S. Ct. 625, 626, 67 L. Ed. 1042 (1923). And it is also established that such governmental action cannot be undertaken unless the individual is afforded an opportunity to be heard and to 'clear his name.' *Roth, supra,* 408 U.S. at 573 n. 12, 92 S. Ct. 2701. *Accord, Wisconsin v. Constantineau,* 400 U.S. 433, 436, 91 S. Ct. 507, 27 L. Ed. 2d 515

17

(1971)." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 446 (2d Cir. 1980).

"[D]ue process requires an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965). In the context of a stigma-plus imposed upon an at-will employee, due process requires that the employee receive at least a post-termination hearing in which she has an opportunity to refute the accusations and thereby clear her name. *E.g., Segal v. City of N.Y.*, 459 F.3d 207, 216 (2d Cir. 2006) ("we hold that, in the context of an at-will government employee, a reasonably prompt, post-termination name-clearing hearing satisfies constitutional due process as long as the procedures afforded at such a hearing are sufficient to protect the employee's reputational and professional interests.").

### 2. Rosenthal was Not Permitted to Clear Her Name in the Article 78 Proceeding

In New York, when there is otherwise no procedure in place for according an employee the hearing Due Process requires, an Article 78 proceeding is supposed to provide the forum. Thus, it has been held that an employee who did not avail herself of the opportunity to commence an Article 78 proceeding cannot claim to have been denied due process. *E.g.*, *Cole-Hatchard v. Hoehmann,* No. 16 CV 5900 (VB), 2017 U.S. Dist. LEXIS 151036, at \*19-20 (S.D.N.Y. Sep. 15, 2017) ("An Article 78

18

proceeding adequately serves as a 'post-deprivation name-clearing hearing[].' *Spang v. Katonah-Lewisboro Union Free Sch. Dist.*, 626 F. Supp. 2d 389, 397 (S.D.N.Y. 2009). Plaintiff's failure to avail himself of this proceeding means he was not denied due process. *Id.*"); *Catania,* 2025 U.S. Dist. LEXIS 35709, at *36 ("An Article 78 hearing 'provides the mechanism for challenging a specific decision of a state administrative agency.' *Campo v. New York City Employees' Ret. System*, 843 F.2d 96, 101 (2d Cir. 1988). The availability of '[a]n Article 78 proceeding provides the requisite post-deprivation process—even if [the plaintiff] failed to pursue it.' *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011) (affirming dismissal of stigma-plus claim).")

Whereas an employee that failed to avail himself of Article 78 cannot complain that he was denied due process, it is not necessarily the case that an employee who avails himself of Article 78 will receive an adequate name-clearing hearing. Rosenthal did not. As this Court has recognized, "[a] post-deprivation name-clearing hearing may defeat a plaintiff's stigma-plus claim, [only] so long as the hearing is adequate for due process purposes. In this case the hearing afforded plaintiff was not. As a consequence, plaintiff is entitled to damages resulting from

19

the deprivation without due process of law of his liberty interest*." Patterson v. City of Utica*, 370 F.3d 322, 335 (2d Cir. 2004).[10]

Rosenthal's claim here is that her Article 78 proceeding did not constitute an adequate post-deprivation remedy. Rosenthal never received notice of the precise accusations made against her or the opportunity to be heard. The proceeding was dismissed without Rosenthal's accusers being identified, let alone cross-examined. Their precise accusations were never disclosed to Rosenthal, and the proceeding was dismissed without Rosenthal ever being able to hear the supposedly damning audio recording that Defendants supposedly relied upon. Rosenthal had no opportunity to clear her name in the Article 78 proceeding; it was dismissed without Rosenthal even learning what "racially and sexually offensive language" the Governor's office

---

[10] In *Patterson*, the Court went on to explain:

> To analyze the sufficiency of the procedures afforded plaintiff, we begin with the nature of the plaintiff's interest that was effected by official action. A stigma-plus claim, as discussed earlier, requires that a plaintiff's interest in his reputation be implicated *in connection with* his termination from government employment. This requirement, in conjunction with the requirement for a name-clearing hearing, demonstrates that it is the plaintiff's reputational interest, and how that interest can effect his standing in the community and his future job prospects, that is at issue here. *See Valmonte [v. Bane]*, 18 F.3d at 1003 [2d Cir. 1994]; *Donato [v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d at 632 [2 Cir. 1996].

370 F.3d at 336 (emphasis in original).

spokesman was referring to in his stigmatizing statement to the *New York Post*. Due

process entitled Rosenthal a name-clearing hearing and she never received one.[11]

As outlined above, it has been held that a person cannot complain about the

lack of a post-deprivation hearing when he did not avail himself of Article 78. But

here, Rosenthal *did* avail herself of the Article 78 proceeding and made it clear that

she was seeking to clear her name, and still she did not receive an opportunity to

learn and refute the accusations that supposedly justified branding her a racist in the

*New York Post.* Thus, even though Rosenthal may have received due process within

---

[11] Even though Rosenthal never specifically asked for "a name-clearing hearing" utilizing that terminology, there is no question that that is what Rosenthal was clearly seeking in her Petition that vehemently denied that she was a racist and specifically refuted each of the accusations of which she was aware (only to have the Defendants claim that there were other, undisclosed, allegations on which they were relying). [A-72.] The Article 78 court understood that and expected that she was going to have her opportunity in the plenary action to prove that the (unknown) accusers were "lying." [A-147.] As the Third Department held in *Wilcox v. Newark Valley Cent. Sch. Dist.*, 74 A.D.3d 1558, 1564, 904 N.Y.S.2d 523, 529 (3rd Dept. 2010): "Defendants allege that since plaintiff did not request a name clearing hearing and was provided with a sufficient opportunity to clear her name, there can be no due process violation. We disagree. Due process requires a post-deprivation name-clearing hearing where a nontenured employee has been stigmatized in the course of a decision to terminate his or her employment . . .. Accordingly, plaintiff has stated a cause of action for deprivation of a liberty interest without due process under both the US and NY Constitutions, and Supreme Court therefore correctly denied defendants' motion to dismiss …." *See also O'Donnell v. Barry*, 148 F.3d 1126, 1140 n.4 (DC Cir. 1998) ("We reject the District's claim that O'Donnell's due process claims should be denied because he did not expressly seek a name clearing hearing. There is no need for a plaintiff to make such a request explicitly, so long as it is reasonably clear that what the plaintiff complains of includes the lack of a hearing.")

21

her Article 78 proceeding – this is not a collateral attack on the state court judgments – that process did not include a name-clearing hearing and, thus, did not cure the lack of due process in connection with having been terminated and branded a racist. *See, e.g., Koncelik v. Town of E. Hampton*, 781 F. Supp. 152, 158 (E.D.N.Y. 1991) (denying a motion to dismiss Section 1983 claim where plaintiff availed himself of an Article 78 proceeding, but when it did not cure the denial of due process); *Acorn Ponds v. Vill. of N. Hills*, 623 F. Supp. 688, 690-91 (E.D.N.Y. 1985) (denying a motion to dismiss where relief accorded by Article 78 was insufficient to remedy the harm). *See also Patterson*, 370 F.3d at 335-36. *Cf., Bligh v. Town of Bloomfield*, 33 F. App'x 573, 574 (2d Cir. 2002) (dismissing Section 1983 claim where, in contrast to Rosenthal here, "the plaintiff does not challenge the adequacy of the state's post-deprivation remedies"). [12]

The court below disregarded *Koncelik* and *Acorn Ponds,* finding the cases "inapposite" because they did not involve stigma-plus claims, but other due process violations and fact patterns. [A-159.] The court held that "[u]nlike in *Koncelik*,

---

[12] The District Court below stated "Rosenthal sought relief through Article 78, and Defendants opposed that relief, but that does not mean that she was denied adequate post-deprivation process through that proceeding. *See Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 120 (2d Cir. 2011) ('An article 78 proceeding provides the requisite post-deprivation process . . . .')." [A-158.] The court thus overlooked the fact that the only appropriate post-deprivation process in connection with a stigma-plus liberty impairment is a name-clearing hearing, and Rosenthal never received that from the Article 78 court.

Rosenthal does not challenge the failure to implement final relief on the merits ordered through an Article 78 proceeding; rather, she complains that Defendants successfully obtained dismissal of her Article 78 Proceeding, which led the state court to determine that her discovery requests were moot. *Koncelik* does not suggest that such a determination amounts to a denial of due process." [A-159.] But Rosenthal was not claiming that it was the Article 78 court's determination that "amount[ed] to denial of due process." Rather, as in *Koncelik*, it was not the Article 78 court that denied her due process (in *Koncelik,* the plaintiff actually prevailed in several post-deprivation Article 78 proceedings), but that such post-deprivation procedures proved to be inadequate to cure the due process violations by defendants. The *Koncelik* court denied the motion to dismiss the Section 1983 claim because, "although plaintiffs timely and successfully availed themselves of the Article 78 proceeding (as to the Planning Board claim), their plans to develop their property are still being delayed by the ZBA's and the Planning Board's pending appeal. Finally, as stated above, the Article 78 proceeding neither decided the procedural due process claim, nor was it the proper forum in which to bring a claim for damages." *Id*. at 158. *See also id*. at 156, 157 (rejecting application of *res judicata* to Section 1983 claim even though plaintiff could have asserted the Section 1983 claim in prior Article 78 proceedings and further noting that "the existence of post-

23

deprivation remedies does not necessarily preclude a plaintiff from bringing a § 1983 action for deprivation of procedural due process.")

Similarly, in *Acorn Ponds*, the court upheld a procedural due process claim, even though the plaintiff succeeded in an Article 78 proceeding, because "such post-deprivation procedures proved to be untimely and inadequate" to cure the due process violation. 623 F. Supp. at 693. In both of those cases, as here, the point is that the Article 78 proceeding could fail to cure the due process violation without itself violating due process and without there having been "irregularities or errors in the state court's decision dismissing her Article 78 Petition that could plausibly be described as a denial of due process." [A-158.] *See, e.g., Sharp v. Inc. Vill. of Farmingdale*, No. 16-CV-2994 (JFB)(AKT), 2018 U.S. Dist. LEXIS 158091, at *17, 2018 WL 4404075 (E.D.N.Y. Sep. 14, 2018) (explaining that both *Koncelik* and *Acorn Ponds* illustrate that "courts have denied motions to dismiss procedural due process claims when Article 78 proceedings were inadequate.")[13]

As in *Koncelik* and *Acorn Ponds*, the Article 78 court here did not necessarily do anything wrong, it is just that, here, its process did not provide the sort of hearing

---

[13] Rosenthal "identifie[d] no irregularities or errors in the state court's decision dismissing her Article 78 Petition" [A-158] because she was not claiming that the Article 78 court denied due process, she was claiming that, because it did not give her the chance to understand what she had been accused of doing, and a chance to disprove it, the proceeding was not adequate to cure the Defendants' prior sigma-plus violation.

24

that could have constituted an adequate post-deprivation remedy for the sigma-plus deprivation of liberty.

### 3. Rosenthal's Due Process Claim was Not Ripe During the Pendency of her Article 78 Proceeding

As noted above, the availability of Article 78 review of a termination decision has consistently been held to preclude any Due Process claim based on a stigma-plus liberty impairment, on the assumption that the proceeding would give the employee an opportunity to refute the stigmatizing claims and thereby to receive due process.

Here, Rosenthal did exactly what she was supposed to do to receive due process: she commenced her Article 78 proceeding seeking to clear her name and get her job back. *See, e.g., Catania,* 2025 U.S. Dist. LEXIS 35709, at *37) (the way to obtain a stigma-plus name clearing hearing is to commence an Article 78 proceeding challenging the employment decision as having been "made in violation of lawful procedure . . . or [as] arbitrary and capricious.").

Until Rosenthal's Article 78 proceeding was dismissed without having afforded her any hearing at all, both Rosenthal and the Article 78 court had every expectation that she would have the opportunity to clear her name in that proceeding. Until that proceeding was dismissed, she was for all intents and purposes receiving due process with respect to the stigma-plus. *Cf.*, *Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 418, 429 (E.D.N.Y. 2021) (dismissing Section 1983 claim as premature because "Plaintiffs have neither attained an outcome from their pending,

25

currently stayed Article 78 proceeding nor sufficiently stated why an Article 78 proceeding is inadequate to remedy the alleged violations.").

It would make no sense, and possibly have been sanctionable, to have asserted a Section 1983 denial of due process claim in the very proceeding that ostensibly was providing her with the very process that was due. Because Rosenthal could not have claimed to have been denied due process until the Article 78 proceeding had been dismissed without her having had the opportunity to refute the accusations of racism, she could not have asserted Section 1983 claim in the Article 78 proceeding. The District Court thus erred in holding that the Article 78 proceeding could preclude the Section 1983 claim as a matter of *res judicata*.

### B. The Article 78 Proceeding was a "Pure" Proceeding in Which Section 1983 Claims Were Not Cognizable

Even if Rosenthal's Section 1983 claim, which had not yet accrued, somehow would not have been premature during the pendency of her Article 78 proceeding, it was still error to have held the claim to be precluded by *res judicata* because that is inconsistent with this Court's governing precedents. This Court has squarely held that *res judicata* does not preclude a subsequent Section 1983 claim even when based on precisely the same acts and transactions as an earlier an Article 78 proceeding, both because it was not appropriate to bring a Section 1983 claim under Article 78, and because the Article 78 court could not award monetary damages for a due process violation. *Davidson v. Capuano*, 792 F.2d 275, 278-80 (2d Cir. 1986).

26

*See also Whitfield v. City of N.Y.*, 96 F.4th 504, 525 (2d Cir. 2024) ("we think it can't reasonably be disputed that a judgment in a 'pure' Article 78 proceeding does not preclude, under the doctrine of *res judicata*, a later section 1983 damages claim based on the same set of facts.").[14] Rosenthal's Article 78 proceeding was "pure" in that she only sought reinstatement and lost wages. *See Whitfield*, 96 F.4th at 526-27 (a prior proceeding initiated under Article 78 will be deemed to be not "pure" "only if: (1) the state court petitioner sought relief that is not available under Article 78; and (2) the state court treated the proceeding as a hybrid one.").

The District Court's dismissal of Rosenthal's Section 1983 claim was inconsistent with the controlling precedents and reversal is warranted for that reason alone.

## Conclusion

For the foregoing reasons, this Court should reinstate Plaintiff-Appellant's Complaint herein and grant her such other and further relief as is just and proper.

Dated:  New York, New York
        August 26, 2025

---

[14] *Whitfield* was cited by the District Court but this principle of law was not addressed. [A-154.]

27

STORCH BYRNE LLP

By: ____/s/ Steven G. Storch_____
     Steven G. Storch (SS5241)
437 Madison Avenue, 24th Floor
New York, NY 10022
(212) 931-1005
sstorch@storchbyrnelegal.com
*Attorneys for Plaintiff-Appellant*
  *Susan G. Rosenthal*

28

Certificate of Compliance

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document uses a proportionately spaced font and contains 6894 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, version 2507, in Times New Roman 14-point font.

Dated:  New York, New York
     August 25, 2025

            _____/s/ Steven G. Storch_____
             Steven G. Storch
            STORCH BYRNE LLP
            437 Madison Ave.
            New York, NY 10022
            212-931-1005
            *Attorneys for Plaintiff-Appellant,*
             *Susan G. Rosenthal*