# 25-1667

## United States Court of Appeals for the Second Circuit

SUSAN ROSENTHAL,

*Plaintiff-Appellant*,

v.

ROOSEVELT ISLAND OPERATING CORPORATION, JOSEPH RABITO, KUMIKI GIBSON, and SIMONIDA SUBOTIC,

*Defendants-Appellees.*

On Appeal from the United States District Court for the Southern District of New York

### BRIEF FOR APPELLEES RABITO, GIBSON, AND SUBOTIC

BARBARA D. UNDERWOOD
 *Solicitor General*
ESTER MURDUKHAYEVA
 *Deputy Solicitor General*
STEPHEN J. YANNI
 *Assistant Solicitor General*
  *of Counsel*

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Appellees Rabito, Gibson, and Subotic
28 Liberty Street
New York, New York 10005
(212) 416-6184

Dated: September 30, 2025

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................iii

PRELIMINARY STATEMENT ............................................................ 1

ISSUES PRESENTED .........................................................................3

STATEMENT OF THE CASE ..............................................................3

    A.   Rosenthal's Termination Based on Serious Misconduct ..........3

    B.   The Dismissal of Rosenthal's State Court Proceedings ...........8

    C.   The Federal District Court Proceedings Below.......................11

STANDARD OF REVIEW..................................................................12

SUMMARY OF ARGUMENT ............................................................12

ARGUMENT .....................................................................................15

POINT I

THE DISTRICT COURT CORRECTLY DISMISSED THE
COMPLAINT BASED ON RES JUDICATA....................................................15

    A.   All Elements of Res Judicata Are Satisfied. .........................16

    B.   Rosenthal's Arguments Against the Application of
       Res Judicata Are Meritless....................................................18

POINT II

THE JUDGMENT OF DISMISSAL MAY BE AFFIRMED ON
MULTIPLE ALTERNATE GROUNDS .......................................................23

    A.   Rosenthal Failed to State a Stigma-Plus Claim. ...................24

i

**Page**

B.   Rosenthal Failed to Allege the Individual
Defendants' Personal Involvement in
Any Alleged Constitutional Violation.................................... 27

C.   The Statute of Limitations Bars Rosenthal's Claim. ............. 28

CONCLUSION ................................................................................... 32

## TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Acorn Ponds at N. Hills v. Incorporated Vill. of N. Hills,*
  623 F. Supp. 688 (E.D.N.Y. 1985) ......................................................22

*Anderson Grp. v. City of Saratoga Springs,*
  805 F.3d 34 (2d Cir. 2015) ..............................................................23

*Anemone v. Metropolitan Transp. Auth.,*
  629 F.3d 97 (2d Cir. 2011) ......................................................... 13, 24

*Beijing Neu Cloud Oriental Sys. Tech. Co. v. International Bus.*
  *Machs. Corp.,*
  110 F.4th 106 (2d Cir. 2024).......................................................22-23

*Campo v. New York City Emps.' Ret. Sys,*
  843 F.2d 96 (2d Cir. 1988) ..............................................................24

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002) ...............................................................4

*Codd v. Velger,*
  429 U.S. 624 (1977)........................................................................26

*Gonzalez v. Yepes,*
  No. 19-cv-267, 2019 WL 2603533 (D. Conn. June 25, 2019)..............28

*Guerra v. Jones,*
  421 F. App'x 15 (2d Cir. 2011) ........................................................19

*Hellenic Am. Neighborhood Action Comm. v. City of New York,*
  101 F.3d 877 (2d Cir. 1996) ............................................................25

*Hughes v. City of New York,*
  680 F. App'x 8 (2d Cir. 2017) ..........................................................25

*Johnson v. Fargione,*
  No. 20-cv-764, 2021 WL 1406683 (N.D.N.Y. Feb. 17, 2021) ..............31

**Cases**                                                                          **Page(s)**

*Kane v. Mount Pleasant Cent. Sch. Dist.*,
80 F.4th 101 (2d Cir. 2023) ............................................................. 28

*Koncelik v. Town of East Hampton*,
781 F. Supp. 152 (E.D.N.Y. 1991) ............................................... 21-22

*L-Tec Elecs. Corp. v. Cougar Elec. Org.*,
198 F.3d 85 (2d Cir. 1999) ............................................................. 22

*Loeb v. County of Suffolk*,
No. 22-cv-6410, 2023 WL 4163117 (E.D.N.Y. June 23, 2023) ........... 31

*Marcilis v. Township of Redford*,
693 F.3d 589 (6th Cir. 2012) .......................................................... 28

*Matter of Blum v. Quinones*,
139 A.D.2d 509 (2d Dep't 1988) ..................................................... 24

*Matter of Hunter*,
4 N.Y.3d 260 (2005) ................................................................ 15, 18

*Matter of Merhige v. Copiague Sch. Dist.*,
76 A.D.2d 926 (2d Dep't 1980) ...................................................... 24

*Matter of Miller v. Loewenberg*,
75 A.D.2d 620 (2d Dep't 1980) ...................................................... 19

*Matter of Ragone v. Board of Educ. of City of N.Y.*,
194 A.D.2d 731 (2d Dep't 1993) ..................................................... 19

*Matter of Swinton v. Safir*,
93 N.Y.2d 758 (1999) .................................................................... 13

*McDonald v. City of New York*,
No. 20-cv-4614, 2022 WL 1469395 (E.D.N.Y. May 10, 2022) ........... 31

*McHerron v. Burnt Hills – Ballston Lake Cent. Sch. Dist.*,
778 F. App'x 54 (2d Cir. 2019) ...................................................... 25

**Cases**                                                                 **Page(s)**

*McMath v. City of Gary,*
   976 F.2d 1026 (7th Cir. 1992) .......................................................... 27

*Mullahey v. Zurlo,*
   No. 16-cv-401, 2017 WL 530523 (N.D.N.Y. Feb. 9, 2017) ................. 25

*O'Donnell v. Barry,*
   148 F.3d 1126 (D.C. Cir. 1998) ....................................................... 20

*Patterson v. City of Utica,*
   370 F.3d 322 (2d Cir. 2004) ................................................... 20-21, 29

*Pearl v. City of Long Beach,*
   296 F.3d 76 (2d Cir. 2002) ............................................................... 30

*Robinson v. Cox,*
   No. 22-cv-3333, 2025 WL 2607485 (S.D.N.Y. Sept. 9, 2025) ............ 27

*Rosenfeld v. City of New York,*
   No. 06-cv-1979, 2012 WL 976044 (E.D.N.Y. Mar. 22, 2012) .............. 26

*Rosenthal v. Roosevelt Is. Operating Corp.,*
   221 A.D.3d 551 (1st Dep't 2023) ............................................... 9-10, 19

*Segal v. City of New York,*
   459 F.3d 207 (2d Cir. 2006) ....................................................... 24, 28

*Sikorsky v. City of Newburgh,*
   136 F.4th 56 (2d Cir. 2025) ............................................................. 28

*Staehr v. Hartford Fin. Servs. Grp.,*
   547 F.3d 406 (2d Cir. 2008) ............................................................... 5

*Swergold v. Murray,*
   667 F. App'x 342 (2d Cir. 2016) ................................................. 20, 29

*TechnoMarine SA v. Giftports, Inc.,*
   758 F.3d 493 (2d Cir. 2014) ............................................................. 12

v

| Cases | Page(s) |
|---|---|

*Whitfield v. City of New York,*
96 F.4th 504 (2d Cir. 2024)................................................. 8, 15-16, 18

*Wiggins v. Griffin,*
86 F.4th 987 (2d Cir. 2023)................................................. 27

*Wilcox v. Newark Val. Cent. Sch. Dist.,*
74 A.D.3d 1558 (3d Dep't 2010)......................................... 20

**Laws**

C.P.L.R. 409................................................................................ 20

Public Authorities Law § 2799-aaaa et seq. ............................. 3

**Miscellaneous Authorities**

Administrative Order of Chief Admin. Judge of Cts. AO/85/20
(Apr. 8, 2020), https://www.nycourts.gov/LegacyPDFS/
courts/9jd/pdfs/AO-85-20.pdf ............................................... 31

Exec. Order No. 187 (9 N.Y.C.R.R. § 8.187) (Aug. 23, 2018)................... 4

Exec. Order No. 202 (9 N.Y.C.R.R. § 8.202.__)
(Mar. 20, 2020 to Oct. 4, 2020)
202.8......................................................................................30
202.14....................................................................................30
202.28....................................................................................30
202.38 ...................................................................................30
202.48....................................................................................30
202.55....................................................................................30
202.55.1 .................................................................................30
202.60....................................................................................30
202.67....................................................................................30

## Miscellaneous Authorities                                    Page(s)

Mem. from Edward Friedland, Dist. Exec., S.D.N.Y., to
    S.D.N.Y. Bar (Mar. 20, 2020),
    https://www.nysd.uscourts.gov/sites/default/files/2020-
    03/COVID%20Memorandum%20-%20FINAL.pdf .............................. 31

N.Y. Executive Dep't, *Equal Employment Opportunity in New
    York State* (Sept. 2024),
    https://oer.ny.gov/system/files/documents/ 2024/09/equal-
    employment-opportunity-rights-and-responsibilities-
    handbook-september-2024.pdf ........................................................... 4

vii

## PRELIMINARY STATEMENT

Plaintiff-appellant Susan Rosenthal is the former president and CEO of Roosevelt Island Operating Corporation, a public benefit corporation established to manage the affairs of Roosevelt Island in New York City. In 2020, Rosenthal was terminated after an investigation determined she had made numerous racist and sexist comments in the workplace. After losing two consecutive lawsuits in state court challenging her termination, she brought this federal action against a subset of the same defendants concerning the same events.[1] This time, Rosenthal asserts a stigma-plus claim alleging that the public disclosure of the reasons for her termination violated due process. The U.S. District Court for the Southern District of New York (Ho, J.) dismissed the complaint based on res judicata. This Court should affirm.

The district court correctly held that res judicata applies to bar Rosenthal's federal action. Rosenthal previously challenged her termination in state court through a proceeding under article 78 of the New York

---

[1] This brief is submitted on behalf of the individual defendants-appellees, Kumiki Gibson, Joseph Rabito, and Simonida Subotic, who are former members of the New York State Executive Chamber.

Civil Practice Law and Rules (C.P.L.R.) and a separate plenary action. Both proceedings concluded in final judgments on the merits that were affirmed on appeal. Rosenthal insists that her due process claim did not accrue until her state court proceedings terminated without a successful name-clearing hearing, but Rosenthal never requested such a hearing. In any event, the fact that the state court proceedings terminated adversely to Rosenthal is precisely the basis for res judicata's application here.

Alternatively, the judgment below may be affirmed on other grounds. This Court's precedent firmly establishes that the availability of an article 78 proceeding is sufficient to defeat a stigma-plus claim, even if a plaintiff does not ultimately succeed in such an action. Moreover, Rosenthal did not plausibly allege the individual defendants' personal involvement in disseminating the purportedly stigmatizing statement, and her claim is barred by the three-year statute of limitations.

## ISSUES PRESENTED

1. Whether the district court correctly dismissed the complaint based on res judicata.

2. Whether the district court's judgment may be affirmed on the alternate grounds that (i) Rosenthal failed to state a stigma-plus claim, (ii) the complaint did not allege personal involvement by the individual defendants, or (iii) the claim is barred by the statute of limitations.

## STATEMENT OF THE CASE

### A. Rosenthal's Termination Based on Serious Misconduct

The New York Legislature established Roosevelt Island Operating Corporation (RIOC) as a public benefit corporation to manage the affairs of the residential community of Roosevelt Island. *See* Public Authorities Law § 2799-aaaa et seq. (*See* J.A. 10.) In 2015, Susan Rosenthal began work as RIOC's general counsel. Rosenthal later became RIOC's president and chief executive officer and served in those roles until her termination in 2020. (J.A. 10.)

3

As a public employee, Rosenthal was subject to laws and policies prohibiting workplace discrimination.[2] The Office of Employee Relations (OER) is responsible for investigating complaints of discrimination. *See* Exec. Order No. 187 (9 N.Y.C.R.R. § 8.187) § III(b) (Aug. 23, 2018).

On June 12, 2020, a RIOC employee sent an email to numerous state officials alleging that Rosenthal had engaged in racially and sexually offensive conduct. (J.A. 79-80; *see* J.A. 13.) Kumiki Gibson, then counsel to the governor, promptly referred the complaint to OER. (*See* J.A. 15; *see also* J.A. 10.) OER's investigation lasted from June 12 to June 17 and was led by affirmative action officer Georgianna Martin, who worked under the supervision of director and counsel Elaine Bartley. As part of the investigation, Martin interviewed the complainant, five other RIOC employees, and Rosenthal. (*See* J.A. 14-15, 68-70.[3])

---

[2] *See* N.Y. Executive Dep't, *Equal Employment Opportunity in New York State* 1 (Sept. 2024), https://oer.ny.gov/system/files/documents/2024/09/equal-employment-opportunity-rights-and-responsibilities-handbook-september-2024.pdf.

[3] The pleadings from Rosenthal's state court proceedings contained in the Joint Appendix (*e.g.*, J.A. 35-109), including Martin's affidavit, are properly considered under Rule 12(b)(6) because they are incorporated by reference in the complaint or integral to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). The federal

(*continued on the next page*)

4

Martin's investigation found that although the conduct described in the June 12 complaint did not violate state antidiscrimination policy, Rosenthal had engaged in other abusive and inappropriate workplace misconduct. Specifically, Martin learned from RIOC employees that Rosenthal: (i) told a Black employee that "if he talked the way she did, he would be 'looked at as a typical n*****,' using a racial slur" (J.A. 69); (ii) told a female executive who experienced a difficult meeting with several men "that her problem was that she had never learned how to 'suck dick'" (J.A. 70); (iii) told a Black male employee, while discussing issues he was having with another employee, "'Why don't you take out

---

complaint expressly references the state court proceedings, describes the claims asserted therein, and asserts a due process claim based on the purported inadequacy of those proceedings and defendants' litigation conduct. (J.A. 16-19.) In addition, the complaint directly quotes defendants' article 78 opposition papers which detail the affidavits' contents (J.A. 16-17), and the complaint's discussion of OER's investigation is plainly derived from the state court record (*see* J.A. 14-17). Indeed, Rosenthal herself submitted Gibson's affidavit for the district court's consideration (J.A. 126-131), and her appellate brief relies on both Martin's and Gibson's affidavits (Br. at 4-5 & n.2). Independently, it is proper to take judicial notice of the affidavits because they show that Rosenthal received notice of the allegations against her (*contra* Br. at 20-21). *See Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (court may take judicial notice that "assertions were made in lawsuits").

your ruler and measure your penises. Don't worry, yours is bigger'" (J.A. 69); (iv) told a Black male employee that "Black men 'have bigger penises'"; (v) asked a male employee during a meeting with women, "'How do you feel about this as a person who has a penis?'"; (vi) told "an employee who she perceived to be of Middle Eastern ethnic background that he looked like a 'terrorist'"; (vii) stated that "she would not hire a particular applicant because he had an 'Indian' accent"; and (viii) stated "that she welcomed the application of a 'White male' for an executive position at RIOC" (J.A. 70). (*See* J.A. 129-130.)

A RIOC employee told Martin about the existence of audio recordings of Rosenthal's comments, including Rosenthal's use of the n-word and her "measure your penises" comment. (J.A. 69 (quotation marks omitted).) The employee played the recordings for Martin, who "could verify [Rosenthal's] voice and identity on the audio recordings" based on prior interactions with Rosenthal in unrelated investigations. (J.A. 69.) When interviewed, Rosenthal "freely admitted" to Martin that she uses "salty and ribald language" (J.A. 51, 83) but denied making statements "concerning a male subordinate's penis [or] oral sex" or using "any racial slur" (J.A. 69).

6

Martin determined that Rosenthal's statements, recounted above, violated state policy. On June 17, 2020, Martin reported her findings and recommendations to Bartley, who concurred in Martin's assessment. (J.A. 71.) Two days later, on June 19, 2020, Gibson, together with two other state officials, Joseph Rabito and Simonida Subotic, informed Rosenthal of her immediate termination. (J.A. 15.)

On June 19, 2020, the *New York Post* reported that Rosenthal was fired for using "'racially and sexually offensive language.'" (J.A. 13.) An adviser to then Governor Cuomo told the newspaper that a misconduct complaint against Rosenthal triggered an investigation which substantiated that Rosenthal had made inappropriate racial and sexual remarks in violation of state policy. (*See* J.A. 13, 123-125.)

7

**B.     The Dismissal of Rosenthal's State Court Proceedings**

In October 2020, Rosenthal filed an article 78 petition challenging her termination.[4] The petition named as respondents RIOC, the State of New York, and various government officials including Gibson, Rabito, and Subotic. (J.A. 72-90.) The petition alleged that OER's investigation was deficient and cited the fact that Rosenthal was terminated on Juneteenth as purported evidence of antiwhite discrimination. Rosenthal asserted claims under federal and state antidiscrimination laws and sought reinstatement, back pay, and attorneys' fees. (J.A. 84-89.) Although Rosenthal knew that an article 78 proceeding "provides the recognized forum for post-termination name-clearing hearings" (J.A. 16), her petition did not seek a name-clearing hearing or assert a due process claim.

In April 2021, while the article 78 proceeding was pending, Rosenthal commenced an ordinary civil (or "plenary") action in state court against the same parties. (J.A. 35-65.) The complaint repeated largely verbatim the claims of discrimination underlying Rosenthal's article 78 petition

---

[4] In New York, a C.P.L.R. article 78 proceeding is the recognized method for challenging state administrative action. *See Whitfield v. City of New York*, 96 F.4th 504, 518-22 (2d Cir. 2024).

(*compare* J.A. 37-60, *with* J.A. 71-88) and further asserted a claim under 42 U.S.C. § 1983 based on alleged harms to Rosenthal's reputation (J.A. 61-62).[5] Rosenthal represented to the court that her § 1983 claim was premised on unlawful discrimination in violation of the Equal Protection Clause. *See* Record on Appeal at 242-243, *Rosenthal v. Roosevelt Is. Operating Corp.*, 221 A.D.3d 551 (1st Dep't 2023) (No. 2022-03686), NYSCEF No. 4. The complaint sought reinstatement, back pay, front pay, and damages. Again, Rosenthal did not seek a name-clearing hearing or assert a due process claim. (*See* J.A. 63-65.)

In July 2021, the article 78 court denied Rosenthal's petition on the merits. (J.A. 146-147; *see also* J.A. 91-92 (order denying reconsideration).) The Appellate Division, First Department affirmed, holding that "[t]he determination to terminate [Rosenthal's] employment was not arbitrary and capricious" and "[t]he findings of respondents' investigation constitute legitimate, nondiscriminatory reasons for her termination and serve to

---

[5] The complaint also contained a defamation claim based on the *New York Post* article (J.A. 60-61), and a whistleblower claim under New York Labor Law § 740 based on new allegations that respondents terminated Rosenthal because she had reported a steam-tunnel safety issue (J.A. 62-63).

9

defeat the claims of discrimination and racial animus raised in the petition." (J.A. 96.) Rosenthal did not seek further review in the New York Court of Appeals.

Meanwhile, in July 2022, three of Rosenthal's discrimination claims in the plenary action were dismissed as collaterally estopped by the article 78 decision. (J.A. 93-94.) The trial court dismissed the remaining claims— including the § 1983 claim—without prejudice for lack of jurisdiction. As the court explained, jurisdiction over those claims lies solely in the New York Court of Claims because the claims were asserted against only state entities and individuals acting in their official capacities. (J.A. 94 & n.1.) The court invited Rosenthal to move for reconsideration if she had intended to allege those "claims against any defendant in his/her individual capacity" (J.A. 94 n.1), but Rosenthal did not do so. The First Department affirmed the trial court's collateral estoppel ruling and rejected as unpreserved Rosenthal's request on appeal for a name-clearing hearing because "she failed to request such a hearing in her article 78 petition, before Supreme Court, or in opposition to defendants' motion to dismiss." *Rosenthal*, 221 A.D.3d at 552. Again, Rosenthal did not seek further review.

10

In August 2023, Rosenthal brought a third state court proceeding in the New York Court of Claims against the State and Gibson, Rabito, and Subotic in their official capacities. Am. V. Claim ¶¶ 7-10, *Rosenthal v. State*, No. 138726 (Ct. Cl. Aug. 2, 2023), NYSCEF No. 1. The Court of Claims dismissed all claims, including a state law stigma-plus claim which failed on the basis that Rosenthal neglected to request a name-clearing hearing in her earlier article 78 proceeding. Decision & Order at 20-22, *Rosenthal*, No. 138726 (Ct. Cl. Mar. 27, 2025), NYSCEF No. 34.

## C.    The Federal District Court Proceedings Below

In November 2023—nearly three-and-a-half years after her termination—Rosenthal commenced this action in the U.S. District Court for the Southern District of New York. The complaint asserted a stigma-plus claim for damages against RIOC, Gibson, Rabito, and Subotic, alleging that the public disclosure of purportedly false reasons for Rosenthal's termination violated the Due Process Clause of the U.S. Constitution. (J.A. 19.)

The district court granted defendants' motions to dismiss based on res judicata. (J.A. 150-160.) The court determined (and Rosenthal did not dispute) that the prior state court judgments in the article 78 proceeding

11

and plenary action were final judgments on the merits and involved the same parties. (J.A. 155-156.) Thus, the "only remaining question" was whether this case involved the same cause of action. (J.A. 156.) The court concluded that Rosenthal's stigma-plus claim arose from the same transaction as her state court claims concerning her termination and rejected Rosenthal's argument that the prior state court proceedings provided her with inadequate process. (J.A. 157-159.)

## STANDARD OF REVIEW

This Court reviews de novo the district court's application of res judicata to dismiss a complaint. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

## SUMMARY OF ARGUMENT

I. The district court correctly concluded that res judicata bars Rosenthal's stigma-plus claim. Rosenthal previously challenged her termination in a state court article 78 proceeding and a plenary action. Both proceedings concluded in final judgments on the merits against Rosenthal and involved the same defendants as this federal action. Because Rosenthal

12

could have asserted a stigma-plus claim in either of those cases but did not, her current claim is barred.

Rosenthal is wrong to argue that the prior judgments lack preclusive effect because her claim did not accrue until after the article 78 proceeding concluded without a name-clearing hearing. This argument rests on the flawed premise that commencing an article 78 proceeding automatically entitled Rosenthal to such a hearing. But Rosenthal was required to first request a name-clearing hearing and satisfy the legal requirements for obtaining one, which she did not. *See Matter of Swinton v. Safir*, 93 N.Y.2d 758, 764 (1999). Contrary to Rosenthal's assertions, the limited availability of damages in article 78 proceedings does not foreclose the application of res judicata here because Rosenthal could have asserted a damages claim in her plenary action.

II. The judgment also may be affirmed on alternate grounds.

First, Rosenthal's complaint does not adequately plead a stigma-plus claim. This Court has held that the availability of an article 78 proceeding suffices to defeat a stigma-plus claim. *E.g.*, *Anemone v. Metropolitan Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011). Here, it is undisputed that an article 78 proceeding was available to Rosenthal and that she in fact

13

pursued one. The fact that she lost on the merits of the article 78 proceeding is not sufficient to show that the action failed to provide adequate process. Moreover, Rosenthal failed to plead that the purportedly stigmatizing statement is false: it is undisputed that an internal investigation in fact concluded that Rosenthal made inappropriate workplace comments.

Second, Rosenthal does not plausibly allege the individual defendants' personal involvement in disseminating the allegedly stigmatizing statement to the *New York Post*. The complaint acknowledges that a nonparty state official made the statement at issue, and there are no nonconclusory allegations about the individual defendants' participation.

Finally, Rosenthal's claim is barred by the three-year statute of limitations that applies to § 1983 claims brought in federal court. Rosenthal's claim accrued no later than June 19, 2020, when her termination was announced, and she commenced this action nearly six months after the statute of limitations expired.

## ARGUMENT

### POINT I

**THE DISTRICT COURT CORRECTLY DISMISSED
THE COMPLAINT BASED ON RES JUDICATA**

Federal courts must give a state court judgment "the same preclusive effect as would be given under the law of the State in which the judgment was rendered." *Whitfield v. City of New York*, 96 F.4th 504, 522 (2d Cir. 2024) (quotation marks omitted). Under New York law, "a valid final judgment bars future actions between the same parties on the same cause of action." *Id.* at 523 (quotation marks omitted). "New York courts apply a transactional analysis approach in determining whether an earlier judgment has claim preclusive effect, such that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.* (quotation marks omitted). This rule "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *Matter of Hunter*, 4 N.Y.3d 260, 269 (2005).

For res judicata to apply, the initial forum must have had the power to award the relief sought in the subsequent litigation. *Whitfield*, 96 F.4th

15

at 523. Therefore, a final judgment in an article 78 proceeding does not foreclose a later claim that seeks a remedy not authorized by article 78, including certain forms of monetary damages. *See id.* at 520, 524-25. But a judgment rendered in an earlier plenary action is preclusive, because a full panoply of legal remedies is available in such a proceeding. *See id.* at 519, 526.

## A. All Elements of Res Judicata Are Satisfied.

The district court correctly held that res judicata bars the stigma-plus claim in Rosenthal's federal action. In the district court, Rosenthal did not dispute that there had been two final state court judgments on the merits concerning her termination that involved the same parties. Nor did she dispute that the state court had the power to adjudicate due process claims and award appropriate relief. Thus, the only remaining question was whether Rosenthal's federal claim arose out of the same transaction or series of transactions as the claims asserted in the earlier proceedings. (J.A. 155-157.)

Rosenthal's article 78 proceeding and plenary action challenged the propriety of her termination based on the same series of events detailed in her federal complaint. (J.A. 157.) In all three proceedings, Rosenthal

alleged that she was terminated based on illegal discrimination and other impermissible grounds, that the State's investigation into her conduct was flawed, and that the *New York Post* article reporting that she was fired for using "racially and sexually offensive language" was false. (*Compare* J.A. 12-15 (federal complaint), *with* J.A. 53-57 (plenary action), *and* J.A. 84-87 (article 78 petition).)

Despite acknowledging that an article 78 proceeding "provides the recognized forum for post-termination name-clearing hearings" (J.A. 16), Rosenthal did not assert a stigma-plus claim or request a name-clearing hearing in her petition (*see* A. 86-89). Indeed, Rosenthal concedes that she "never specifically asked for a 'name-clearing hearing' utilizing that terminology." Br. for Appellant (Br.) at 21 n.11.

Rosenthal similarly failed to assert a stigma-plus claim against the individual defendants in the plenary action. The complaint quoted the language of § 1983 and obliquely alleged that "one or more of Defendants" made stigmatizing public statements in relation to Rosenthal's employment but did not specify any predicate constitutional or statutory violation. (*See* A. 61-62.) And when defendants moved to dismiss the § 1983 claim on that basis, Rosenthal represented that her claim was premised

17

on unlawful discrimination in violation of the Equal Protection Clause—not a due process violation. See *supra* at 9. Moreover, Rosenthal asserted the § 1983 claim against the individual defendants in their official capacities only (J.A. 94 & n.1), unlike the individual-capacity claim she now asserts.

In sum, Rosenthal had every opportunity to assert a stigma-plus claim related to her termination but failed to do so. Res judicata thus bars Rosenthal's current stigma-plus claim, which "could have been raised in the prior litigation," *Matter of Hunter*, 4 N.Y.3d at 269; *see Whitfield*, 96 F.4th at 523.

## B.   Rosenthal's Arguments Against the Application of Res Judicata Are Meritless.

Rosenthal's chief assertion on appeal is that the district court erred in giving the state court judgments preclusive effect because her stigma-plus claim did not accrue until after it became clear that the article 78 proceeding would not provide her with a name-clearing hearing. Br. at 18-26. But this argument ignores that Rosenthal never requested a name-clearing hearing in the first place. Contrary to Rosenthal's assertion that she "did exactly what she was supposed to do to receive due process" (Br. at

18

25), she waived any right to a name-clearing hearing by failing to request one in her article 78 petition, *see Matter of Ragone v. Board of Educ. of City of N.Y.*, 194 A.D.2d 731, 732 (2d Dep't 1993); *Matter of Miller v. Loewenberg*, 75 A.D.2d 620, 620 (2d Dep't 1980). Indeed, the First Department found any request for a name-clearing hearing to be unpreserved because Rosenthal "failed to request such a hearing in her article 78 petition, before Supreme Court, or in opposition to defendants' motion to dismiss." *Rosenthal*, 221 A.D.3d at 552.

Rosenthal is mistaken to argue (Br. at 19-21) that initiating an article 78 proceeding automatically entitled her to a name-clearing hearing. Instead, Rosenthal was first required to request a name-clearing hearing in her article 78 petition and plausibly allege a "defamatory governmental action together with a loss of employment and the dissemination of the stigmatizing material." *See Guerra v. Jones*, 421 F. App'x 15, 19 (2d Cir. 2011) (citing *Matter of Swinton*, 93 N.Y.2d at 764). In other words, she was required to "show the same three elements needed to establish a stigma-plus claim." *Id.* Such a claim would have ripened no later than June 19, 2020, when the *New York Post* reported her termination. *Contra* Br. at 25-26. At that point, both the alleged "'stigma' and the

19

'plus' were present."[6] *See Swergold v. Murray*, 667 F. App'x 342, 343 (2d Cir. 2016).

Rather than pursue a name-clearing hearing, Rosenthal challenged her termination as arbitrary and capricious based on purported antiwhite discrimination. (J.A. 86, 157.) The state court rejected those claims on the merits, holding that the findings of the State's investigation provide "legitimate, nondiscriminatory reasons for her termination, and serve to defeat the claims of discrimination and racial animus raised in the petition." (J.A. 96.) And the denial of Rosenthal's article 78 petition on the papers reflects that she failed to raise a triable issue of fact on her claims of discrimination, *see* C.P.L.R. 409(b)—not that she was improperly denied a name-clearing hearing. This case is therefore unlike *Patterson v. City of Utica*, where the plaintiff's name-clearing hearing was insufficient to

---

[6] The cases on which Rosenthal relies to argue that she was not required to specifically request a name-clearing hearing (Br. at 21 n.11) are inapposite because, in each case, the court excused the failure to specifically request a hearing based on the claimant's having plausibly stated a stigma-plus claim. *See O'Donnell v. Barry*, 148 F.3d 1126, 1139-40 & n.4 (D.C. Cir. 1998); *Wilcox v. Newark Val. Cent. Sch. Dist.*, 74 A.D.3d 1558, 1562 (3d Dep't 2010). Here, Rosenthal's article 78 petition neither alleged a stigma-plus claim nor requested a name-clearing hearing.

20

satisfy due process. *See* 370 F.3d 322, 337 (2d Cir. 2004). Here, a name-clearing hearing would have been available to Rosenthal if she had adequately pleaded a request for one and prevailed on that claim. But she did not.

Rosenthal is also wrong to argue that her stigma-plus claim was not cognizable in state court because damages are unavailable under article 78. *Contra* Br. at 26-27. A name-clearing hearing—which *is* available under article 78—completely remedies a stigma-plus due process violation. *See Patterson*, 370 F.3d at 335. Damages are available only where "the process afforded the plaintiff was not adequate to remedy the deprivation of his liberty interest." *Id.* at 337. Rosenthal was not entitled to seek damages based on the alleged inadequacy of a name-clearing hearing that she never requested in her petition and therefore never received.

In any event, Rosenthal could have asserted a stigma-plus claim for damages in her state court plenary action but chose not to do so. This case is therefore distinguishable from *Koncelik v. Town of East Hampton*, where

21

the plaintiff had previously raised a due process claim only in an article 78 proceeding.[7] *See* 781 F. Supp. 152, 156 (E.D.N.Y. 1991).

For the first time on appeal, Rosenthal argues that the judgment in the plenary action lacks preclusive effect because she purportedly raised a stigma-plus claim in that proceeding and it was dismissed without prejudice. Br. at 9 & n.3, 10 n.5. But Rosenthal asserted a § 1983 claim against the individual defendants only in their official capacities and insisted that her claim sounded in equal protection—not due process. See *supra* at 9-10. And while the state court dismissed the § 1983 claim without prejudice, res judicata applies with full force to preclude all claims arising from the same transaction as the claims that were resolved on the merits. *See, e.g., Beijing Neu Cloud Oriental Sys. Tech. Co. v. International Bus. Machs. Corp.*, 110 F.4th 106, 115 & n.4 (2d Cir. 2024); *L-Tec Elecs. Corp. v. Cougar Elec. Org.*, 198 F.3d 85, 86, 88 (2d Cir. 1999) (per curiam).

---

[7] The other district court decision on which Rosenthal relies did not involve the application of res judicata at all but rather held that the plaintiff could maintain a due process claim in federal court notwithstanding the availability of an article 78 proceeding where government officials purposefully abused their power to render arbitrary decisions requiring "repeated recourse to the state courts." *Acorn Ponds at N. Hills v. Incorporated Vill. of N. Hills*, 623 F. Supp. 688, 693 (E.D.N.Y. 1985). Rosenthal does not allege any such conduct here.

22

Finally, Rosenthal forfeited any argument based on a purported dismissal without prejudice by not presenting the argument to the district court. *See Anderson Grp. v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015). To the contrary, Rosenthal did not dispute below "that the rulings in these [state court] cases were final judgments on the merits." (J.A. 156.)

## POINT II

### THE JUDGMENT OF DISMISSAL MAY BE AFFIRMED ON MULTIPLE ALTERNATE GROUNDS

If the Court concludes that Rosenthal's claim is not barred by res judicata, it can affirm the judgment of dismissal based on any of several alternate grounds presented to, but not reached by, the district court. *See Beijing Neu Cloud*, 110 F.4th at 113 (court of appeals may "affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied" (quotation marks omitted)).

23

## A.  Rosenthal Failed to State a Stigma-Plus Claim.

A plaintiff asserting a stigma-plus claim must show that the government made public, stigmatizing statements that "call into question the plaintiff's good name, reputation, honor, or integrity" and that the "statements were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal from government employment." *Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006) (quotation and alteration marks omitted). "[T]he plaintiff also must demonstrate that her liberty was deprived without due process of law." *Id.* at 213. In cases involving at-will government employees, "the availability of an adequate, reasonably prompt, post-termination name-clearing hearing is sufficient to defeat a stigma-plus claim." *Id.* at 214.

Under New York law, article 78 courts have the power to provide post-termination name-clearing hearings. *Campo v. New York City Emps.' Ret. Sys.,* 843 F.2d 96, 101 (2d Cir. 1988); *see Matter of Blum v. Quinones*, 139 A.D.2d 509, 509-10 (2d Dep't 1988); *Matter of Merhige v. Copiague Sch. Dist.*, 76 A.D.2d 926, 927-28 (2d Dep't 1980). And this Court has repeatedly held that "[a]n Article 78 proceeding provides the requisite post-deprivation process—even if [the plaintiff] failed to pursue it." *Anemone*, 629 F.3d

24

at 121; *see McHerron v. Burnt Hills – Ballston Lake Cent. Sch. Dist.*, 778 F. App'x 54, 55 (2d Cir. 2019); *Hughes v. City of New York*, 680 F. App'x 8, 10 (2d Cir. 2017); *Mullahey v. Zurlo*, No. 16-cv-401, 2017 WL 530523, at *5-6 (N.D.N.Y. Feb. 9, 2017) (collecting cases).

Because Rosenthal could have requested a name-clearing hearing in her article 78 proceeding but did not, her stigma-plus claim fails as a matter of law. Indeed, by failing to request a name-clearing hearing, Rosenthal is similarly situated to a plaintiff who fails to invoke the article 78 process altogether. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) (article 78 proceeding provided adequate post-deprivation remedy despite plaintiff's failure to assert a procedural due process claim in the petition). This defect alone requires dismissal of Rosenthal's complaint.

Setting aside Rosenthal's failure to request a name-clearing hearing, her various criticisms of the article 78 process are unfounded. Contrary to Rosenthal's contention that she never received notice of the allegations against her, the identity of her accusers, or the offensive language she used (Br. at 20-21), the state respondents disclosed that information in affidavits filed in the article 78 proceeding (*see* J.A. 67-71, 128-131). As the

25

district court correctly found, Rosenthal identifies no deficiencies in the article 78 proceeding "that could plausibly be described as a denial of due process." (*See* J.A. 158-159.) At its core, Rosenthal's due process claim rests on the mere fact that she lost in her article 78 proceeding.

In addition, Rosenthal failed to allege a false, stigmatizing statement. *See Codd v. Velger*, 429 U.S. 624, 627 (1977) (per curiam). Contrary to Rosenthal's assertion that defendants told the *New York Post* that "she was a racist" (Br. at 16), the article states that an "investigation substantiated that [Rosenthal] had used racially and sexually offensive language" in violation of state policy (J.A. 13). Rosenthal does not dispute that the investigation in fact reached that conclusion. *See, e.g.*, *Rosenfeld v. City of New York*, No. 06-cv-1979, 2012 WL 976044, at *8 (E.D.N.Y. Mar. 22, 2012) (statement that employee had received two unsatisfactory evaluations was factually true). And viewed against Rosenthal's repeated admissions that she uses "salty and ribald language" (J.A. 51, 83), the incremental stigma (if any) imposed by the challenged statement does not rise to a degree of constitutional magnitude. That is especially so considering that the *New York Post* article does not disclose the specific comments

26

Rosenthal made, how many offensive comments she made, or any other details regarding the investigation. (*See* J.A. 123-125.)

**B.    Rosenthal Failed to Allege the Individual Defendants' Personal Involvement in Any Alleged Constitutional Violation.**

Dismissal may also be affirmed on the ground that Rosenthal did not allege the individual defendants' personal involvement in any constitutional violation. *See Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023). In particular, the complaint does not "link *these particular defendants* to any public statements." *See McMath v. City of Gary*, 976 F.2d 1026, 1033 (7th Cir. 1992); *see also Robinson v. Cox*, No. 22-cv-3333, 2025 WL 2607485, at *8 n.14 (S.D.N.Y. Sept. 9, 2025). Instead, the complaint alleges that a different state official—who is not a party to this litigation—provided a statement to the *New York Post* concerning Rosenthal's termination. (J.A. 13.) In a conclusory fashion, the complaint alleges "[u]pon information and belief" that this official "received his information directly or indirectly from Defendants Gibson, Subotic and/or Rabito, and transmitted it to the *New York Post* at their instruction or with their approval." (J.A. 13.) But this impermissible group pleading does not adequately allege each defendant's involvement in disseminating the purportedly stigmatiz-

27

ing statement. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012); *Gonzalez v. Yepes*, No. 19-cv-267, 2019 WL 2603533, at *7 (D. Conn. June 25, 2019).

Below, Rosenthal offered no response to this deficiency and instead argued that the individual defendants each "had the power and authority to grant her a name-clearing hearing" and "could have chosen not to partic-ipate in the motions to dismiss" Rosenthal's state court proceedings. Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss at 13 n.7 (Mem.) (Apr. 18, 2024), ECF No. 40. But Rosenthal was not entitled to a pretermination name-clearing hearing, *see Segal*, 459 F.3d at 214, and there is no legal support for the proposition that mounting a successful defense against litigation denies a plaintiff due process of law (*see* J.A. 158).

## C.   **The Statute of Limitations Bars Rosenthal's Claim.**

This Court may also affirm on the independent ground that Rosenthal's current § 1983 claim is barred by the applicable three-year statute of limitations. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023). "A claim accrues when the plaintiff knows or has reason to know of the harm." *Sikorsky v. City of Newburgh*, 136 F.4th 56, 62 (2d Cir. 2025) (quotation marks omitted). Accordingly, stigma-

plus due process claims accrue "when both the 'stigma' and the 'plus' [are] present"—i.e., once both the adverse employment action and public statement have occurred. *Swergold*, 667 F. App'x at 343. Here, Rosenthal's claim accrued no later than June 19, 2020, when the *New York Post* reported her termination. Because Rosenthal filed this action nearly three-and-a-half years later, her claim is time-barred.

Below, Rosenthal argued that her claim did not accrue until November 28, 2023, when the First Department affirmed the dismissal of her plenary action on collateral estoppel grounds. It was at that point, Rosenthal argued, that "Defendants successfully denied Rosenthal Due Process and she sustained her injury." Mem. at 21. But Rosenthal commenced this action on November 2, 2023, prior to the date on which she asserts that the cause of action accrued. Thus, the complaint itself contradicts the theory that Rosenthal's claim accrued on November 28, 2023. And while an inadequate name-clearing hearing can give rise to a claim for damages, *Patterson*, 370 F.3d at 337, here no such hearing occurred because it was not requested.

29

Nor was the statute of limitations tolled by the New York Governor's executive orders issued during the COVID-19 pandemic.[8] Those orders tolled state statutes of limitations for a total of 228 days in light of the "directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis." Exec. Order No. 202.8 (9 N.Y.C.R.R. § 8.202.8) (Mar. 20, 2020); *see also* Exec. Order Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67 (9 N.Y.C.R.R. §§ 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67) (Apr. 7, 2020 to Oct. 4, 2020).

However, these executive orders did not toll the statute of limitations for federal law claims brought in federal court. Although federal courts in § 1983 actions generally borrow state statutes of limitations and tolling rules prescribed by statute and common law, *Pearl v. City of Long Beach*, 296 F.3d 76, 81 (2d Cir. 2002), no authority requires federal courts to apply tolls set forth in executive orders. And here there is no practical reason

---

[8] Below, Rosenthal did not contest this proposition and thus forfeited any challenge to it. She instead erroneously argued that it "makes no difference" whether the tolls apply in federal court because the statute of limitations did not begin to run until the First Department affirmed the dismissal of her plenary action. Mem. at 20-21.

to apply the executive orders to § 1983 actions brought in federal court because the orders responded to pandemic-related disruptions unique to New York state courts, including a temporary bar on the filing of new, nonessential cases. *See, e.g.*, Administrative Order of Chief Admin. Judge of Cts. AO/85/20 (Apr. 8, 2020), https://www.nycourts.gov/LegacyPDFS/courts/9jd/pdfs/AO-85-20.pdf. New York federal courts, by contrast, were not closed to the filing of new cases. *See, e.g.*, Mem. from Edward Friedland, Dist. Exec., S.D.N.Y., to S.D.N.Y. Bar (Mar. 20, 2020), https://www.nysd.uscourts.gov/sites/default/files/2020-03/COVID%20Memorandum%20-%20FINAL.pdf. Accordingly, as multiple district courts have correctly concluded, the tolls do not apply to § 1983 claims brought in federal court.[9] *See Loeb v. County of Suffolk*, No. 22-cv-6410, 2023 WL 4163117, at *4 (E.D.N.Y. June 23, 2023); *Johnson v. Fargione*, No. 20-cv-764, 2021 WL 1406683, at *3 (N.D.N.Y. Feb. 17, 2021) (report & recommendation), *adopted*, 2021 WL 1404554 (N.D.N.Y. Apr. 14, 2021).

---

[9] The district courts reaching the opposite conclusion have not explained how the executive orders qualify as statutory or common law rules and have not adequately grappled with the practical considerations discussed above. *See, e.g.*, *McDonald v. City of New York*, No. 20-cv-4614, 2022 WL 1469395, at *3 (E.D.N.Y. May 10, 2022) (collecting cases).

31

## CONCLUSION

The judgment of the district court should be affirmed.

Dated: New York, New York
        September 30, 2025

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Appellees Rabito,
Gibson, and Subotic

By:  */s/ Stephen J. Yanni*
     STEPHEN J. YANNI
     Assistant Solicitor General

BARBARA D. UNDERWOOD
  *Solicitor General*
ESTER MURDUKHAYEVA
  *Deputy Solicitor General*
STEPHEN J. YANNI
  *Assistant Solicitor General*
      *of Counsel*

28 Liberty Street
New York, NY 10005
(212) 416-6184

32

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, Mary Quinn Moss, an employee in the Office of the New York State Attorney General, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 6,009 words and complies with the typeface requirements and length limits of Rule 32(a)(5)-(7) and Local Rule 32.1.

*/s/ Mary Quinn Moss*