# 25-1667

# United States Court of Appeals

*for the*

# Second Circuit

SUSAN G. ROSENTHAL,

*Plaintiff-Appellant,*

– v.–

ROOSEVELT ISLAND OPERATING CORPORATION, JOSEPH RABITO,
KUMIKI GIBSON, AND SIMONIDA SUBOTIC,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE

HOLLY G. ROGERS
*Attorneys for Defendant-Appellee, Roosevelt Island Operating Corporation*
Melick & Porter, LLP
11 Broadway, Suite 615
New York, NY 10004
(212) 541-7236
hrogers@melicklaw.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee Roosevelt Island Operating Corporation hereby certifies that it has no parent corporation and that no publicly held corporation owns 10% its stock.

By: /s/ *Holly G. Rogers*
    Holly G. Rogers
    *Attorneys for Defendant-Appellee,*
    *Roosevelt Island Operating Corporation*
    Melick & Porter, LLP
    11 Broadway, Suite 615
    New York, NY 10004
    (212) 541-7236
    hrogers@melicklaw.com

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT…………………………………………….1

COUNTER-STATEMENT OF ISSUES PRESENTED FOR REVIEW………………2

COUNTER-STATEMENT OF THE CASE………………………………………3

SUMMARY OF THE ARGUMENT……………………………………………...5

LEGAL ARGUMENT ........................................................ ...7

STANDARD OF REVIEW……………………………………………...7

POINT I:  THE DISTRICT COURT CORRECTLY APPLIED THE DOCTRINE OF RES JUDICATA IN DISMISSING PLAINTIFF APPELLANT'S 42 U.S.C. § 1983 CLAIM……………………………………………………………….……7

    A.    The Doctrine of Res Judicata Requires Dismissal of This Action………8

    B.    Plaintiff-Appellant's Attempts to Avoid Res Judicata are Unsuccessful…………………………………………………………10

        1.    Plaintiff-Appellant's Unpreserved Arguments asserted for the First time on Appeal Should be Stricken and Not Considered by this Court……………………………………………………..10

            a.    The Dismissal of Plaintiff-Appellant's § 1983 Discrimination Claim against RIOC in the Plenary Action Has a Preclusive Effect on This Action Warranting Dismissal. ……………12

            b.    Plaintiff-Appellant's § 1983 Claim is subject to Res Judicata because it could have been brought in Article 78 Proceeding…………………………………………...13

POINT II: THE PLAINTIFF-APPELLANT WAS NOT DENIED DUE PROCESS……………………………………………………………14

    A.    Plaintiff-Appellant's Previously Cited Authorities Remain Unpersuasive………………………………………………………19

POINT III: THE PLAINTIFF-APPELLANT'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS……………………………………………………21

POINT IV: THE PLAINTIFF-APPELLANT'S CLAIM IS BARRED BY THE DOCTINE OF SOVEREIGN IMMUNITY………………………………………… 23

CONCLUSION……………………………………………………………….24

**TABLE OF AUTHORITIES**

**Cases**                                                                     **Pages**

*Acorn Ponds at N. Hills v. Inc. Vill. of N. Hills*,
623 F. Supp. 688 (E.D.N.Y. 1985)……………………………………………19, 20

*Anemone v. Metro. Transp. Auth.*,
629 F.3d 97 (2d Cir. 2011)…………………………………………14, 15, 16, 19

*Baker v. 40 Wall Street Holdings Corp.*,
161 N.Y.S.3d 723, 724 (N.Y. Sup. Ct. 2022)………………………………..22

*Barry v. Royal Air Maroc*,
2022 WL 3215050, at *4 (S.D.N.Y. July 8, 2022)
*report and recommendation adopted*,
2022 WL 3214928 (S.D.N.Y. Aug. 9, 2022)………………………………..22

*Carter v. Inc. Village of Ocean Beach*,
415 Fed.Appx. 290 (2d Cir. 2011)………………………………………...15

*Chafetz v. Roosevelt Island Operating Corp.*
2000 WL 1277338 (S.D.N.Y. Sept. 8, 2000)…………………...………….23, 24

*Cole-Hatchard v. Hoehmann for Town of Clarkstown, New York*,
No. 16-CIV-5900, 2017 WL 4155409 (S.D.N.Y. Sept. 18, 2017)………………..14

*Davis v. New York*
316 F.3d 93 (2d. Cir. 2002)……………………………………………….23

*Doe v. United States Department of Justice*,
753 F.2d 1092 (D.C. Cir. 1985)………………………………………...18

*Federated Dept. Stores, Inc. v. Moitie*,
452 U.S. 394 (1981)……………………………………………..……….7, 10

*Feeney v. Port Auth. Trans-Hudson Corp.*,
873 F.2d 628 (2d. Cir. 1989)……………………………...……………23

*Feingold v. New York*
366 F.3d 138, 149 (2d Cir. 2004)…………………………………..………….23

*Guerra v. Jones*,
421 F. App'x 15 (2d Cir. 2011)……………………………………………...14

*Harris v. New York State Dept. of Health*,
202 F.Supp.2d 143 (S.D.N.Y. 2002)……………………………………….7

*Hellenic American Neighborhood Action Committee v. The City of New York et al.*,
101 F.3d 877 (2d Cir. 1996)……………………………………………17

*Jacobson v. Fireman's Fund Ins. Co.*,
111 F.3d 261 (2d Cir. 1997)……………………………………………14

*Jones v. Roosevelt Island Operating Corp.*,
2013 WL 6504428 (S.D.N.Y. Dec. 11, 2013)………………………………23-24

*Koncelik v. Town of E. Hampton*,
781 F. Supp. 152 (E.D.N.Y. 1991)……………………………………19, 20

*Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*,
400 F.3d 139 (2d Cir. 2005)…………………………………………….7

*Lewis v. Roosevelt Island Operating Corp.*,
246 F.Supp.3d 979 (S.D.N.Y. 2017)…………………………………..………….23

*Lipman v. Rodenbach*,
852 Fed. Appx. 578 (2d Cir. 2021)……………………………..…………8, 9

*Locurto v. Safir*,
264 F.3d 154 (2d Cir. 2001)……………………………………………14, 16, 19

*Loeb v. Cnty. of Suffolk,*
2023 WL 4163117 (E.D.N.Y. June 23, 2023)…………………………….22

*Matter of Empire Mut. Ins. Co. (Greaney)*,
548 N.Y.S.2d 202 (N.Y. App. Div. 1st Dept. 1989)…………………………...16

*Migra v. Warren City Sch. Dist. Bd. of Health*,
465 U.S. 75 (1984)……………………………………………………………7

*New York v. Mountain Tobacco Co.*,
942 F.3d 536 (2d Cir. 2019)………………………………………………7, 14

*O'Brien v. City of Syracuse*,
54 N.Y.2d 353 (1981)………………………………………………………7, 8

*O'Donnell v. Barry*,
148 F.3d 1126 (D.C. Cir. 1998)…………………………………………17, 18

*Parker v. Corbisiero*,
825 F. Supp. 49 (S.D.N.Y. 1993)………………………………………..8, 9

*Peal v. City of Long Beach*,
296 F.3d 76, 79 (2d Cir. 2002)……………………………...…………21

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984)………………………………………………………..23

*Rodriguez v. County of Nassau*
933 F.Supp.2d 458 (E.D.N.Y. 2013)………………………………………...21

*Rosenthal v. Roosevelt Island Operating Corp.*,
200 N.Y.S.3d 341 (N.Y. App. Div. 1st Dept. 2023)………………………….4

*Rosenthal v. Roosevelt Island Operating Corp., et al.*,
209 A.D.3d 598 (N.Y. App. Div. 1st Dept. 2022)……………………….3

*Rosenthal v. Roosevelt Island Operating Corp., et al.*,
Index No. 154096/2021……………………………………………………4

*Spang v. Katonah-Lewisboro Union Free Sch. Dist.*,
626 F.Supp.2d 389 (S.D.N.Y. 2009)………………………………………...15

*Swergold v. Murray*
667 F.App'x 342 (2d Cir. 2008)…………………………………………21

*Trotman v. Palisades Interstate Park Comm'n*,
557 F.2d 35 (2d Cir. 1977)…………………………………………………………..23

*United States v. Braunig*,
553 F.2d 777 (2d Cir. 1977)…………………………………………………………11

*United States v. Harrell*,
268 F.3d 141 (2d Cir. 2001)…………………………………………………………11

*Whitfield v. City of New York*,
96 F.4th 504 (2d Cir. 2024)…………………………………….........13, 16, 17

*Wilcox v. Newark Valley Cent. Sch. Dist.*,
 74 A.D.3d 1558, 904 N.Y.S.2d 523 (3rd Dept. 2010)………………………..17, 18

*Xiao Yang Chen v. Fischer*,
843 N.E.2d 723 (N.Y. 2005)………………………………………………………….8

## Statutes & Rules

28 U.S.C. § 1291……………………………………………………………………...1

42 U.S.C. § 1983………………………………………………………………...2, 3, 7

CPLR § 409(b)……………………………………………………………………….16

CPLR § 7806………………………………………………………………………...13

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant, Susan G. Rosenthal, appeals [A-162] a final judgment entered by District Judge Dale E. Ho of the United States District Court for the Southern District of New York on May 28, 2025. [A-160]. In its final judgement, the District Court granted Defendant-Appellee Roosevelt Island Operating Corporation's ("RIOC") motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and dismissed Plaintiff-Appellant's federal claim on res judicata grounds. [A-28-29; A-160].

Plaintiff-Appellant filed her Notice of Appeal on June 25, 2025. [A-162]. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. [A-162]. Defendant-Appellee RIOC neither disputes the timeliness of the appeal, nor that the appeal is from a final order of the District Court.

1

## COUNTER-STATEMENT OF THE
## ISSUES PRESENTED FOR REVIEW

1.  Did the District Court err in granting Defendant-Appellee's Motion to Dismiss this 42 U.S.C. § 1983 action based upon application of the doctrine of res judicata under New York law?

2.  Whether the District Court's judgment of dismissal can be affirmed on other grounds that (i) Plaintiff-Appellant was afforded due process in the Article 78 proceeding; (ii) her § 1983 claim asserted herein is barred by the statute of limitations; (iii) her claim is barred by sovereign immunity?

2

## **COUNTER-STATEMENT OF THE CASE**

Plaintiff-Appellant is a Caucasian female who was employed by RIOC as General Counsel and then as President and Chief Executive Officer from June 2015 to June 2020 when her employment was terminated. [A-10 ¶ 3]. Plaintiff-Appellant's employment was terminated after an investigation concluded that she had used racially and sexually inappropriate language in the workplace. [A-13 ¶ 16]. Plaintiff-Appellant alleges that her discharge was motivated by improper purposes– first, because she is a white woman, and second, because she had complained about steam tunnels on Roosevelt Island. [A-12-13 ¶ 15]. Plaintiff-Appellant brings this action alleging a violation of 42 U.S.C. § 1983. [A-9].

This is the third lawsuit Plaintiff-Appellant has filed to challenge the termination of her employment. [A-9; A-37; A-72]. On October 19, 2020, Plaintiff-Appellant commenced an Article 78 Proceeding in the New York County Supreme Court, contending that the decision to terminate her employment was "arbitrary and capricious." [A-72]. The Article 78 Proceeding was brought against the same parties and arose out of the same alleged series of events as is alleged in this action. [A-9-10 ¶¶ 1-7; A-72-75 ¶¶ 1-14]. In July 2021, the Court (*Engoron, J.*) granted Defendant-Appellees' motions to dismiss the action. [A-91-92]. Plaintiff-Appellant's motion for reargument and reconsideration was denied. [A-91-92]. In October 2022, Plaintiff-Appellant's appeal to the First Judicial Department of the Appellate Division was also denied. [A-95-96]. *See Rosenthal v. Roosevelt Island Operating Corp., et al.*, 209 A.D.3d 598 (N.Y. App. Div. 1st Dept. 2022).

3

Separately, in April 2021, while the Article 78 Proceeding was pending, Plaintiff-Appellant filed a second lawsuit also in the New York County Supreme Court against the same parties and arising out of the same alleged series of events. [A-37]. *Rosenthal v. Roosevelt Island Operating Corp., et al.*, Index No. 154096/2021 (the "Plenary Action"). In July 2022, the Court (*Hagler, J.*) granted Defendant-Appellees' motions to dismiss that action. [A-93-94]. In November 2023, Plaintiff-Appellant's appeal of the Court's order granting the motions to dismiss to the First Judicial Department of the Appellate Division was also denied. [SA-1-2]. *See Rosenthal v. Roosevelt Island Operating Corp.*, (N.Y. App. Div. 1st Dept. 2023). On November 2, 2023, Plaintiff-Appellant filed this separate action in the United States District Court for the Southern District of New York. [A-9]. On May 28, 2025, the District Court (*Ho, J.*) granted Defendant-Appellees' motions to dismiss. [A-150]. Defendant-Appellee RIOC's motion was granted on res judicata grounds. [A-160].

4

## SUMMARY OF THE ARGUMENT

The District Court correctly applied the doctrine of res judicata in dismissing this action. The Plaintiff-Appellant Susan Rosenthal has filed three identical actions against all the same parties stemming from the same facts, events, and alleged harm - the termination of her employment and the alleged discrimination she claims motivated that decision. If ever there was a matter where the doctrines of issue/claim preclusion should be invoked, it is in these three identical cases, and indeed each of the trial courts and appellate courts that have adjudicated these matters found that dismissal was appropriate based upon those doctrines, as this Honorable Court should here.

Indeed, the only grounds that the Plaintiff-Appellant could rely upon to challenge the sound decision of the District Court are arguments that were improperly raised for the first time in this appeal and were not properly preserved. These arguments are improper and should not be considered by this Court. Indeed, if these arguments were strong and compelling, The Plaintiff-Appellant surely would have raised them to the District Court. However, even if the Court does consider these improper unpreserved arguments, they still fail to warrant reversal of the District Court's sound decision for the reasons discussed herein.

Further, even if this Court does find that res judicata is inapplicable here, which is strongly disputed, dismissal of this action is still appropriate because the Plaintiff-Appellant was not denied due process. The law is abundantly clear that the availability of the Article 78 proceeding, which the Plaintiff-Appellant availed herself of, satisfies the

5

post-deprivation due process required as to a stigma plus claim, even if a hearing was not held in that proceeding. It is the judicial review itself, the ability to present the petition and arguments, that constitutes the due process. As in other proceedings, a hearing is not held in an Article 78 proceeding unless a triable issue of fact is presented. The Article 78 Court properly decided that the case warranted dismissal based upon the Petition and Defendants-Appellees' motions to dismiss, which the Plaintiff-Appellant had an opportunity to respond to. *In sum, the failure was of the Plaintiff-Appellant's claim, not a failure of due process.*

Further, the Plaintiff-Appellant's § 1983 claim herein is barred by the applicable three-year statute of limitations and by sovereign immunity.

The District Court's decision dismissing this action should be affirmed.

6

**LEGAL ARGUMENT**

**STANDARD OF REVIEW**

The standard of review for this appeal is de novo. *See Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005).

**POINT I**

**THE DISTRICT COURT CORRECTLY APPLIED THE DOCTRINE OF RES JUDICATA IN DISMISSING PLAINTIFF-APPELLANT'S 42 U.S.C. § 1983 CLAIM**

The doctrine of res judicata provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). A federal court must give a state court judgment the same preclusive effect as would be given to that judgment under the law of the state in which the judgment was rendered. *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019); *see also Harris v. New York State Dept. of Health*, 202 F.Supp.2d 143, 157 (S.D.N.Y. 2002), citing *Migra v. Warren City Sch. Dist. Bd. of Health*, 465 U.S. 75, 84– 85 (1984). New York law bars a later claim arising out of the same factual grouping as an earlier litigated claim, even if the later claim is based on different legal theories or seeks dissimilar or additional relief. *Id.* Thus, where a plaintiff in a later action brings a claim that could have been presented in a prior proceeding, based upon the same harm and arising out of the same or related facts, the claim is barred by res judicata. *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981). New York courts use "[a] 'pragmatic' test" when applying

7

[the] transactional approach, "analyzing 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Lipman v. Rodenbach*, 852 Fed. Appx. 578, 582 (2d Cir. 2021), citing *Xiao Yang Chen v. Fischer*, 843 N.E.2d 723, 725 (N.Y. 2005); *Parker v. Corbisiero*, 825 F. Supp. 49, 54 (S.D.N.Y. 1993) (describing New York's "transactional approach" to the doctrine of res judicata: "Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.").

## A.   The Doctrine of Res Judicata Requires Dismissal of This Action

Plaintiff-Appellant's Complaint is barred by the doctrine of res judicata because, as a threshold matter, it is based on the same factual occurrences as her prior state court lawsuits. [A-9-10 ¶¶ 1-7; A-37-41 ¶¶ 1-21; A-72-75 ¶¶ 1-14]; s*ee O'Brien*, 54 N.Y.2d at 357. Even a cursory review of the factual allegations asserted in the Complaint in this action [A-9 ¶ 1; A-13 ¶ 16] reveals that the alleged conduct that supports her claim arises out of the same alleged series of events that was asserted in the prior two lawsuits. [A-37-38 ¶¶ 1-2; A-72-73]. Across all three lawsuits, Plaintiff-Appellant alleges various factual assertions relating to a complaint made against her in her capacity as the former President and Chief Executive Officer of RIOC regarding alleged racially and sexually inappropriate comments, the investigation into the complaint, and the decision to terminate her employment. [A-10 ¶ 3; A-16 ¶ 30].

8

Plaintiff-Appellant has also named, for the third time, four defendants who were named in each of her previous two lawsuits. [A-10 ¶¶ 4-7; A-40 ¶¶ 8, 11-13; A-73-74 ¶¶ 2, 4-6]. Plaintiff-Appellant also seeks relief in this action that is identical to the relief previously sought by her in her previous two lawsuits. [A-18-19 ¶¶ 37-44; A-63-64 ¶¶ 1-6; A-88-89 ¶¶ 48-51]. Plaintiff-Appellant also previously brought a cause of action for employment discrimination against Defendant-Appellee RIOC under § 1983 in her second state court lawsuit, the Plenary Action, [A-61-62 ¶¶ 101-03], which the state court was fully able to remedy. [A-93-94]. All of the factual assertions in Plaintiff-Appellant's Complaint and her § 1983 cause of action arise out of the same "series of transactions" as her first two lawsuits, and would have formed "a conventional trial unit," consistent with the parties' expectations about the claims in Plaintiff-Appellant's first two lawsuits. [A-9-10 ¶¶ 1-7; A-37-41 ¶¶ 1-21] *See Lipman*, 852 Fed. Appx. at 582–83.

Even assuming, *arguendo*, that the New York Supreme and Appellate Courts' prior judgments in the Article 78 Proceeding [A-91-92; A-95-96] do not have a claim preclusive effect on Plaintiff-Appellants' § 1983 claim, her second lawsuit, the Plenary Action, [A-37], which also alleged a § 1983 claim against RIOC asserting discrimination claims (by the Plaintiff-Appellant's own admission [SA-31]) unequivocally precludes this action because she had the opportunity to, and in fact, brought a claim under § 1983 based on the same factual assertions that gave rise to her first two lawsuits. *See Parker*, 825 F. Supp. at 55 (holding that plaintiff was not precluded from bringing a § 1983 claim because plaintiff had *no opportunity to do so* in earlier state court proceedings, which is

9

not the case here) (emphasis added). Because Plaintiff-Appellant had an opportunity to bring and litigate a § 1983 claim in both of her prior lawsuits arising out of the same events alleged in this action, and in fact brought and litigated such a claim against the same parties in this action, she is precluded by the doctrine of res judicata from bringing another claim.

Further, Plaintiff-Appellant also had the opportunity to assert a stigma-plus claim in the Plenary Action but she failed to do so. Because she had the opportunity to assert a stigma plus claim but failed to do so, res judicata bars the current § 1983 claim. *See Federated Dept. Stores, Inc.*, 452 U.S. at 398.

**B.      Plaintiff-Appellant's Attempts to Avoid Res Judicata are Unsuccessful**

### 1. Plaintiff-Appellant's Unpreserved Arguments asserted for the First time on Appeal Should be Stricken and Not Considered by this Court

Plaintiff-Appellant improperly asserts certain arguments *for the first time on appeal.* She asserts *for the first time in this appeal* that her § 1983 claim in the Plenary Action was dismissed without prejudice and therefore it cannot have a res judicata effect on her District Court § 1983 claim. [Plaintiff-Appellant's Brief ("A-B") p. 9 n.3; SA-34-68]. She also asserts *for the first time* that her Article 78 action was a 'pure' proceeding and that she was unable to assert her current § 1983 due process claim therein, therefore res judicata does not apply. [A-B pp. 26-27; SA-34-68].  Indeed, Plaintiff-Appellant admits that she did not raise this argument to the District Court. [A-B p. 27, n. 14]. Consequently, these arguments were not properly preserved for appellate review,

10

Plaintiff-Appellant is barred from raising them on appeal, and this Honorable Court should fail to consider them. *See United States v. Harrell*, 268 F.3d 141, 146 (2d Cir. 2001) (noting that "[a]n issue is only reviewable on appeal if it was pressed or passed upon below. . . . A claim is pressed or passed upon when it fairly appears in the record as having been raised or decided." [Citations omitted; internal quotation marks omitted.]); *United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977) (noting that "where a party has shifted his position on appeal and advances arguments available but not pressed below . . . and where that party has had ample opportunity to make the point in the trial court in a timely manner . . . waiver will bar raising the issue on appeal" [citations omitted]).

The principals of fairness, finality, and judicial economy dictate that the Plaintiff-Appellant should not be permitted to repeatedly morph her legal theories and positions (across three identical lawsuits) in a blatant attempt to avoid the proper application of res judicata and have multiple bites at the apple *ad infinitum*. This is particularly true since the new arguments could have and should have been raised previously. Indeed, the Plaintiff-Appellant offers no reason in her appeal brief why her latest new argument was not duly presented to the trial court.

Even if the Court were to consider these unpreserved, improper arguments, they still fail to warrant reversal of the District Court's sound decision for the reasons discussed below.

11

### a. The Dismissal of Plaintiff-Appellant's § 1983 Discrimination Claim against RIOC in the Plenary Action Has a Preclusive Effect on This Action Warranting Dismissal

Plaintiff-Appellant claims that her § 1983 claim against RIOC in the Plenary Action was not among the discrimination claims that were dismissed with prejudice. [A-B p. 9 n.3]. However, the Plaintiff-Appellant made it very clear in her Memorandum in Opposition to the Defendants' Motion to Dismiss in the Plenary Action that her § 1983 claim in that action was a discrimination claim identical to her Title VII claim. [SA-31]. Indeed, in her Memorandum in Opposition, the Plaintiff-Appellant makes it clear that she is "assert[ing] claims of racially discriminatory employment practices under both Title VII and section 1983." [SA-31]. She specifically states that "[t]he allegations of the complaint make clear that the Section 1983 claim is based on the Title VII violation." [SA-31].

Indeed, Judge Hagler properly dismissed "*all claims grounded in alleged unlawful discrimination*" based on the doctrine of collateral estoppel. [A-93-94 (emphasis added)]. The remaining causes of action asserted against the State defendants and not Defendant-Appellee RIOC were dismissed without prejudice because they were improperly brought before the Supreme Court rather than the Court of Claims which has jurisdiction over the claims against New York State, its subdivisions, and those individuals acting on its behalf. [A-94]. Per Plaintiff-Appellant's brief, the claims that were dismissed without prejudice (not those against Defendant-Appellee RIOC) were reasserted by the Plaintiff-Appellant in the Court of Claims and dismissed by the court on February 28, 2025. [A-B

12

pp. 9-10].

Thus, Plaintiff-Appellant's § 1983 discrimination claim against Defendant-Appellee RIOC cannot be said to have been among the non-discrimination claims that the Plaintiff-Appellant asserts do not have a preclusive effect on this action. The § 1983 cause of action against Defendant-Appellee RIOC, identical to the Plaintiff-Appellant's Title VII claim by her own admission, was among the claims "*grounded in unlawful discrimination*" dismissed by the Court. For the reasons discussed herein, including that the claims against Defendant-Appellee RIOC in this action arise out of the same facts, events, and alleged harm as all of the other lawsuits, it cannot be said that dismissal of the § 1983 claim against Defendant-Appellee RIOC in the Plenary Action does not have a preclusive effect on her § 1983 claim in this action. *See generally Whitfield v. City of New York*, 96 F.4th 504, 526 (2d Cir. 2024).

### b. Plaintiff-Appellant's § 1983 Claim is Subject to Res Judicata Because it Could Have Been Brought in the Article 78 Proceeding

Plaintiff-Appellant had the ability to assert her § 1983 claim in the Article 78 proceeding. *See Whitfield*, 96 F.4th at 526. Per CPLR 7806, a litigant is permitted to join any constitutional damage claims, such as a § 1983 claim, that are incidental to the administrative challenge in Article 78 proceeding. See *Whitefield*, 96 F.4th at 511.[1] Thus,

---

[1] If the § 1983 claim is the main focus or if the Article 78 case is weak, the court may choose to convert the entire matter into a regular plenary action or a hybrid proceeding. *See Whitfield*, 96 F.4th at 521–22. Regarding the latter, the inquiry involves whether the Article 78 proceeding was a "pure" or "hybrid" proceeding. *Id*. at 11. *Whitfield, which the Plaintiff-Appellant improperly relies on for the first time on appeal* in making the argument (*also for the first time on appeal*) that she could not have brought her § 1983 claim in the Article 78 proceeding, is distinguishable because there the District Court was able to determine whether the plaintiff's Article 78 proceeding was pure or hybrid. *Id*. at 529-534. However, in this case, the District Court was never allowed to consider this analysis, which the Plaintiff-Appellant admits [A-B p. 27, n. 14], and the

Case: 25-1667, 10/06/2025, DktEntry: 29.1, Page 22 of 34

the Plaintiff-Appellant *could have* combined her Article 78 and Plenary Actions (in which her § 1983 claim was asserted). That is enough for res judicata to apply. The fact that she chose not to does not prevent application of the doctrine based upon this record. Indeed, the law is clear and the Plaintiff-Appellant recognizes that res judicata applies to issues that were *or could have been raised* in a prior action(s). [A-B p. 15-16] *Mountain Tobacco Co.*, 942 F.3d at 543; *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 264–65 (2d Cir. 1997). Because the Plaintiff-Appellant's § 1983 claim could have ben raised in the Article 78 proceeding, res judicata applies.

## POINT II

## <u>THE PLAINTIFF-APPELLANT WAS NOT DENIED DUE PROCESS</u>

The law is clear that the availability of the Article 78 proceeding, which the Plaintiff-Appellant availed herself of, itself provides due process, including with regard to stigma-plus claims, and in fact the Plaintiff-Appellant readily acknowledges the same. [A-B p. 25] S*ee Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011); *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001) (holding that Article 78 proceeding constitutes a wholly adequate post-deprivation hearing for due process purposes); *Guerra v. Jones*, 421 F. App'x 15, 19 (2d Cir. 2011) (same regarding stigma plus claims); *Cole-Hatchard v. Hoehmann for Town of Clarkstown, New York*, No. 16-CIV-5900, 2017 WL 4155409, at *7 (S.D.N.Y. Sept. 18, 2017) ("An Article 78 proceeding adequately serves

---

Defendant-Appellee was never permitted to address or brief the issue, because Plaintiff-Appellant did not raise this argument before the District Court [A-150-60], and therefore it should not be considered here. Based on the current record, it is enough that the Plaintiff-Appellant could have brought her § 1983 claim in the Article 78 proceeding for res judicata to apply.

14

as a 'post-deprivation name-clearing hearing as to a stigma plus claim.'") (citations omitted); *Carter v. Inc. Village of Ocean Beach*, 415 Fed.Appx. 290, 293–94 (2d Cir. 2011) (Same); *Spang v. Katonah-Lewisboro Union Free Sch. Dist.*, 626 F.Supp.2d 389, 397 (S.D.N.Y. 2009) (holding that New York's Article 78 proceeding is an adequate post-deprivation remedy sufficient to satisfy due process and defeat a stigma-plus claim).

Despite the overwhelming authority unequivocally providing that the Article 78 proceeding provided the Plaintiff-Appellant due process, she unsuccessfully attempts here to carve out her case by stating that she was not afforded due process because a name clearing hearing did not occur in her Article 78 proceeding. [A-B pp. 21-22]. This argument fails for the following two reasons.

First, the record is clear and indeed the Plaintiff-Appellant admits that she never requested a name clearing hearing. [A-B p. 21 n. 11]; s*ee* Anemone, 629 F.3d at 121. As observed by the First Department, Plaintiff-Appellant had a full and fair opportunity to litigate her discrimination claims in the Article 78 proceeding. [SA-1-2]. The Court also noted that Plaintiff-Appellant's request for a name-clearing hearing was unpreserved for its review as she failed to request such a hearing in her Article 78 petition, before the Supreme Court, or in opposition to Defendant-Appellees' motions to dismiss. [SA-1-2].

Furthermore, the Plaintiff-Appellant's position misconstrues the purpose and nature of Article 78 proceeding. Article 78 proceedings provide review of an agency action. [A-91]. The Article 78 court is not intended to hear new evidence or conduct a trial. [A-91]. For this reason, discovery is rarely conducted and may only be done with

15

permission of the court. *See Whitfield*, 96 F.4th at 520. Similarly, hearings are rarely held, and Article 78 proceedings are often determined on the papers by review of the parties' submissions. *See* C.P.L.R. § 409(b); *Matter of Empire Mut. Ins. Co. (Greaney)*, 548 N.Y.S.2d 202, 203–04 (N.Y. App. Div. 1st Dept. 1989). The availability of the judicial review itself is the due process provided – it is the filing of the petition and the opportunity to submit arguments that constitutes the due process. *See Anemone*, 629 F.3d at 121; *Locurto*, 264 F.3d at 175. For these same reasons, the lack of discovery in Plaintiff-Appellant's Article 78 Proceeding also does not constitute a due process violation. *Whitfield*, 96 F.4th at 520 (noting that Article 78 petitioner "is not entitled to discovery as of right but must seek leave of court pursuant to CPLR 408"). As stated by Judge Engoron when dismissing said proceeding, "[t]he essential difference between a CPLR Article 78 proceeding for administrative review and a plenary action is as follows: the former is meant to be quick; disclosure is rare; and the court's inquiry ends if it finds a rational basis for the challenged action, which it has. The latter can take years, allows for ample disclosure, and is decided by a trier of fact." [A-91]. Moreover, in response to Plaintiff-Appellant's contention that the Article 78 Proceeding was deficient due to lack of discovery, Judge Ho emphasized that she did not identify any "irregularities or errors in the state court's decision dismissing her Article 78 Petition that could plausibly be described as a denial of due process." [A-158].

Importantly, the potential for a hearing to occur in an Article 78 proceeding, like in any case, is dependent upon having triable issues of fact that warrant a hearing.

16

CPLR § 409(b); *Hellenic American Neighborhood Action Committee v. The City of New York et al.*, 101 F.3d 877 (2d Cir. 1996) (in Article 78 proceeding involving stigma plus claim, court dismissed the action, finding that agency's action was not arbitrary or capricious, without holding a hearing, 2nd Circuit found that Article 78 was adequate post-deprivation remedy to afford due process. In so ruling, this Court held that Article 78 provides both a means of redress and a hearing for petitioners "where a triable issue of fact is raised….").

Here, the Article 78 Court correctly determined that the Plaintiff-Appellant did not present triable issues of fact. The Court correctly ruled based upon the parties' written submissions that the decision to terminate Plaintiff-Appellant's employment was not arbitrary or capricious. This determination without a hearing and without the discovery sought by the Plaintiff-Appellant was customary and proper. *Whitfield*, 96 F.4th at 520; *22 Park Place Co-op, Inc.*, 476 N.Y.S.2d at 937. *In sum, the dismissal was a failure of the Plaintiff-Appellant's claim, not a failure of due process.* As underscored by Judge Ho when dismissing the Plaintiff-Appellant's Complaint, "[Plaintiff-Appellant sought relief through Article 78, and [Defendant-Appellees] opposed that relief, but that does not mean that she was denied adequate post-deprivation process through that proceeding." [A-158].

In support of her argument that due process mandates a name-clearing hearing in this context, Plaintiff-Appellant cites *Wilcox v. Newark Valley Cent. Sch. Dist.*, 74 A.D.3d 1558, 904 N.Y.S.2d 523 (3rd Dept. 2010) and *O'Donnell v. Barry*, 148 F.3d 1126 (D.C. Cir. 1998) as support. [A-B p. 21 n.11]. Both cases are inapplicable to the matter at

hand *and did not involve Article 78 petitions*.

In *Wilcox*, the plaintiff, a public-school teacher and field hockey coach, was terminated by her school district's board in March 2008 after a man she was romantically involved with was arrested and charged with raping a field hockey player he coached at a different school district. *Wilcox*, 74 A.D.3d at 1559-60. There, the Court determined that the plaintiff suffered a due process violation because she did not receive a name-clearing hearing even though she formally requested such a hearing in a February 2008 letter to the board that terminated her. *Id.* at 1564. This case is inapplicable because, unlike the plaintiff in *Wilcox*, Plaintiff-Appellant never requested a name-clearing hearing prior to the dismissal of her Article 78 Petition. [A-B p. 21 n. 11; SA- 1-2].

In *O'Donnell*, the Court rejected a lower court's conclusion that the plaintiff's due process claims should be denied because he did not expressly seek a name-clearing hearing, noting that "[t]here is no need for a plaintiff to make such a request explicitly, so long as it is reasonably clear that what the plaintiff complains of includes the lack of a hearing." *O'Donnell v. Barry*, 148 F.3d at 1140 n.4 (citing *Doe v. United States Department of Justice,* 753 F.2d 1092, 1103 (D.C. Cir. 1985). Interestingly, the Court did not note how the plaintiff requested a name-clearing hearing and/or complained about the lack of one. *See id.* at 1130–42. Regardless, this case is also inapplicable because Plaintiff-Appellant never requested a name-clearing hearing or complained about a lack of one prior to the dismissal of her Article 78 Petition. [A-B p. 21 n. 11; SA- 1-2].

Thus, due process is satisfied because the mere availability of a post-deprivation

18

Article 78 proceeding in state court, which Plaintiff-Appellant had the opportunity to avail herself of and in fact availed herself of, satisfies due process and a name-clearing hearing is not required in this context.[2] *See Anemone*, 629 F.3d at 121; *Locurto*, 264 F.3d at 175.

### A.    Plaintiff-Appellant's Previously Cited Authorities Remain Unpersuasive

In arguing that her Article 78 Proceeding was constitutionally inadequate because it did cure the alleged due process violations, Plaintiff-Appellant cites to *Koncelik v. Town of E. Hampton*, 781 F. Supp. 152 (E.D.N.Y. 1991) and *Acorn Ponds at N. Hills v. Inc. Vill. of N. Hills*, 623 F. Supp. 688 (E.D.N.Y. 1985) as support. [A-B p. 22]. As underscored by Judge Ho when dismissing Plaintiff-Appellant's Complaint, "these cases are inapposite." [A-159].

In *Koncelik*, the plaintiffs successfully obtained two orders in Article 78 proceedings, but the court-ordered post-deprivation remedies "were claimed to be inadequate due to . . . resultant delays" in implementation, which the plaintiffs challenged in federal court as a violation of due process. *Koncelik*, 781 F. Supp. at 158. There are no analogous allegations here. Unlike *Koncelik*, Plaintiff-Appellant does not challenge the failure to implement final relief on the merits ordered through an Article 78 proceeding. [A-18-19 ¶¶ 36-44]. Rather, she complains that Defendant-Appellees successfully obtained dismissal of her Article 78 Proceeding, which led the state court to determine

---

[2] When arguing the opposite, Plaintiff-Appellant failed to provide any legal support. [A-B pp.22 n.12, 24 n.13].

19

that her discovery requests were moot. [A-15-17 ¶¶ 26-33]. Whereas *Koncelik* dealt with failure to implement post-deprivation remedies ordered by the Article 78 Court [*Koncelik*, 781 F. Supp. at 158], Plaintiff-Appellant is instead arguing that her Article 78 proceeding *itself* was deficient in curing the alleged due process violations. Consequently, *Koncelik* is distinguishable and does not support Plaintiff-Appellant's position.

In *Acorn Ponds*, the plaintiff obtained relief on the merits under Article 78 when a judge of the Supreme Court of Nassau County directed a zoning and appeals board to conduct various inspections. *See Acorn Ponds*, 623 F. Supp. at 691. The board subsequently refused to do so. *Id.* The plaintiff subsequently alleged that the board's resistance constituted a denial of due process because it was the product of some sort of self-dealing, in that several board members allegedly "used the power and authority of their positions . . . for their self-interest and advantage and in disregard of their duties in the public interest . . . ." *Id.* at 693. This case is also inapplicable here because it again deals with failure to implement post-deprivation remedies ordered by the Article 78 Court. *Id.* at 691. Plaintiff-Appellant is instead arguing that her Article 78 proceeding *itself* was deficient in curing the alleged due process violations. Consequently, *Acorn Ponds* is distinguishable and does not support Plaintiff-Appellant's position.

20

## POINT III

### The Plaintiff-Appellant's Claim is Barred by the Statute of Limitations

The Plaintiff-Appellant's claim is barred by the statute of limitations. A three-year statute of limitations applies to § 1983 actions. *Peal v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Plaintiff's employment was terminated, and her § 1983 claim accrued on June 19, 2020. *See Swergold v. Murray*, 667 F. App'x 342, 343 (stigma plus claim accrues when both adverse employment action and public statement have occurred). Therefore, the statute of limitations applicable to Plaintiff's § 1983 claim expired on June 19, 2023. However, she did not file her complaint in this action until November 2, 2023 [A-9]. Thus, her claim is barred by the statute of limitations.

Moreover, Plaintiff's decision to pursue other remedies in state court or to seek review of the decision to terminate her employment does not toll the three-year statute of limitations applicable to her § 1983 claim now asserted in this litigation, more than four months beyond the expiration of the applicable statute of limitations. *See Rodriguez v. County of Nassau*, 933 F.Supp.2d 458, 461–62 (E.D.N.Y. 2013).

Lastly, the applicable statute of limitations was not impacted by any Executive Order issued by the Governor of the State of New York as a result of the COVID-19 pandemic. A number of courts have held that the applicable Executive Order No. 202.8, Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency, suspended, rather than tolled, the time periods to which it applied, and thus extended limitations periods that would otherwise have expired *between* March 3 and

21

November 3, 2020, but did not lengthen periods that expired *after* November 3, 2020. *See Barry v. Royal Air Maroc*, No. 21-CV-8481 (GHW) (BCM), 2022 WL 3215050, at *4 (S.D.N.Y. July 8, 2022), *report and recommendation adopted*, No. 1:21-CV-8481 (GHW), 2022 WL 3214928 (S.D.N.Y. Aug. 9, 2022); *Baker v. 40 Wall Street Holdings Corp.*, 161 N.Y.S.3d 723, 724 (N.Y. Sup. Ct. 2022) ("Here, the statute of limitations did not run until April 30, 2021, and as such, was not affected in any way by the Governor's Executive Orders."); *Loeb v. Cnty. of Suffolk*, No. 22-CV-6410 (HG), 2023 WL 4163117, at *3 (E.D.N.Y. June 23, 2023) (holding that the Executive Orders suspended but did not toll the statute of limitations applicable to the plaintiff's § 1983 cause of action, and that "[i]nterpreting Executive Order 202.8 as a toll rather than a suspension is contrary to the spirit of the Executive Order" and would "defeat the purposes of finality and certainty that statutes of limitations serve").

As the court explained in *Baker v. 40 Wall Street Holdings Corp.*, "[u]nlike a toll, a suspension does not exclude its duration from the calculation of the relevant time period. Rather, it simply delays the expiration of the time period or filing deadline until the end date of the suspension." *161 N.Y.S.* at 725. Therefore, because the applicable statute of limitations did not fall *within* the suspension period of March 3 to November 3, 2020, the statute of limitations was not tolled and any extension of the June 19, 2023 statute of limitations would defeat the purposes of finality and certainty that is effectuated by the statute of limitations.

Accordingly, Plaintiff's claim under § 1983 is barred by the applicable three-year

statute of limitations and must be dismissed.

## POINT IV

### PLAINTIFF-APPELLANT'S CLAIM IS BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY

Plaintiff-Appellant's Complaint is subject to dismissal because the Court lacks subject matter jurisdiction over Plaintiff's § 1983 claim pursuant to the Eleventh Amendment's doctrine of sovereign immunity. The Eleventh Amendment bars suits against the States and their agencies in federal court, unless Congress validly abrogates immunity or the State waives it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97–103 (1984); *see also Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002). There is no clear abrogation of sovereign immunity in § 1983, and the State of New York has not consented to suit in federal court. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977).

It is well established in this Court that the Defendant-Appellee is entitled to protection from suit pursuant to its sovereign immunity under the Eleventh Amendment.[3] *See Lewis v. Roosevelt Island Operating Corp.*, 246 F.Supp.3d 979, 988 (S.D.N.Y. 2017); *Jones v. Roosevelt Island Operating Corp.*, No. 13-CIV-2226 (JSR), 2013 WL 6504428,

---

[3] In determining that the Defendant-Appellee is immune from suit under the doctrine of sovereign immunity, the *Lewis*, *Chafetz*, and *Jones* courts made well-reasoned determinations that the Defendant-Appellee is "an arm of [New York] State" using the six-factor test developed for this purpose in the Second Circuit pursuant to *Feeney v. Port Auth. Trans-Hudson Corp.* 873 F.2d 628, 630–31 (2d Cir. 1989). The same factors that led the courts in *Lewis*, *Chafetz*, and *Jones* to determine that the Defendant-Appellee is an arm of the State of New York and therefore is entitled to sovereign immunity pursuant to the Eleventh Amendment are applicable in this case. An analysis of the *Feeney* factors produces the same result as in *Lewis*, *Chafetz*, and *Jones*; that is, that the Defendant-Appellee is an arm of the State of New York and is therefore entitled to sovereign immunity pursuant to the Eleventh Amendment.

23

at *3 (S.D.N.Y. Dec. 11, 2013); *Chafetz v. Roosevelt Island Operating Corp.*, No. 97-CIV-0761 (NRB), 2000 WL 1277338, at *5 (S.D.N.Y. Sept. 8, 2000); N.Y. Uncon. Laws § 6392 (RIOC's enabling statute). Such protection from suit extends to § 1983 claims.

Accordingly, the Complaint should be dismissed with prejudice pursuant to FRCP 12(b)(1) pursuant to the Defendant-Appellee's entitlement to sovereign immunity under the Eleventh Amendment.

## **CONCLUSION**

For all of the foregoing reasons, Defendant-Appellee RIOC respectfully requests that this Court deny Plaintiff-Appellant's appeal and affirm the District Court's decision to dismiss Plaintiff-Appellant's Complaint with prejudice.

Dated:   New York, New York
        September 30, 2025

24

25

Respectfully submitted,

By: /s/ *Holly G. Rogers*
   Holly G. Rogers
   *Attorneys for Defendant-Appellee,*
   *Roosevelt Island Operating Corporation*
   Melick & Porter, LLP
   11 Broadway, Suite 615
   New York, NY 10004
   (212) 541-7236
   hrogers@melicklaw.com

25

26

## CERTIFICATE OF COMPLIANCE PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 32(A)(7)(C)(I)

1.      This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 28.1(e)(2)(A).  It contains 6030 words, including the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B).

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font type.

Dated:      September 30, 2025
            New York, New York

                                        */s/ Holly G. Rogers*
                                        Holly G. Rogers, Esq.

26